## FRY v STATE

Ohio Appeals, 5th Dist, Coshocton Co

Decided May 3, 1932

Clyde M. Burklew, Coshocton, for plaintiff in error.

D. P. Binning, Prosecuting Attorney, Coshocton, for defendant in error.

SHERICK, PJ.

It is now complained that error has intervened which should necessitate a reversal, the errors alleged being ten in number. We shall specially consider those which are dispositive of the questions raised.

It is first insisted that the trial court erroneously permitted a talesman to sit as a juror in the case after he had stated that he had a notion and impression of the guilt or innocence of the accused which would require some evidence to remove. Examining the record, pertaining to the examination of this juror, we learn that he had said that he only knew of the case through newspaper comment, and that he could lay his opinion entirely aside and base his verdict on the facts adduced and the law as charged.

This precise question was settled in this state in the case of McHugh v State, 42 Oh St, 154, reaffirmed in Doll v State, 45 Oh St, 445, 15 NE, 293, and followed through a long line of decisions, the last expression thereon being Ralls v State, 40 Oh Ap, 69, 177 NE, 787 (11 Abs 141). It is now, even more so, hardly to be expected that jurors are to be found who are devoid of knowledge of what is going on in their community. The matter is now regulated by statute. See §13443-8, GC, paragraph two thereof.

The record further discloses that counsel for the accused twice stated that he was not challenging this juror. It was his duty to do so if counsel had a notion that the talesman had a preconceived judgment as to the guilt of the accused, which he could not lay aside. A defendant cannot be satisfied with a juror upon the reason here advanced, and then be heard to say after conviction that he is not then satisfied. One may not play fast and loose in

this fashion. Further, the record does not show that the defense had exhausted his peremptory challenges. If such was not done, it was then the defendant's duty to have removed the objectionable juror. His remedy should have been exercised in proper season.

It is complained of that the trial court limited the statement of defendant's counsel to the jury. We gather from the brief report as to what transpired that counsel for the accused attempted to discuss the law of the case to the jury. This the court promptly and properly stopped. It would have been erroneous not to have done so. We note that the court did then further say: "we will proceed on the assumption that that is an indictment for assault with intent to kill." And this brings us to the next claimed error.

The part of the indictment now complained of reads, "unlawfully did make an assault,—he the said Clyde Fry then and there unlawfully, feloniously, maliciously and purposely then and there did strike the said Otto Dobson with the intent then and there and thereby the said Otto Dobson to wound or kill." The defendant's counsel in his colloquy with the court, preceding the taking of testimony, stated, "the defendant plead to an indictment of assault and battery." The trial, however, did thereafter proceed without objection. Turning to the transcript we note a motion is to be found which recites that the defendant pleads, "Not Guilty" to the indictment. It is further disclosed that this is the second trial of this cause, the first jury having disagreed, and that no objection was made to the indictment prior to trial.

It is now claimed that the indictment is uncertain in that it might be based on §§12420, 12421 or 12423, GC.

Sec 13437-27 GC, provides that where an indictment is defective, in "that any uncertainty exists therein," it may be attacked by motion, and that the indictment may be amended to cure such defect; and in the next section, §13437-28, GC, it is provided that: "No indictment * * * shall be quashed, * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance * * * unless the objection to such indictment or information, specifically stating the defect claimed, be made prior to the commencement of the trial, or at such time thereafter as the court shall in its discretion permit."

From these statutes, and the defendant's silence when he should have spoken, we reach the view that by pleading not guilty

to the indictment, and going to trial, the defendant waived any uncertainty in the indictment and cannot now be heard to complain. See **State v Schultz, 96 Oh St, 114, 117 NE, 30.**

The indictment clearly charges an assault with intent to kill. It apprised the defendant with what he stood charged. He went to trial without objection or exception. Further, §12423, GC, is for an assault and battery. It does not contain the word "kill," and this to our notion seems conclusive in rebutting the claim that he pleaded not guilty to assault and battery. It is true that the indictment does charge an offense under §12420, GC, and also under §12421, GC. The court in holding that the indictment charged a violation of §12421 GC rather gave the accused the best of it, for we note that §12420, GC, bears the heavier penalty.

We see no error in that portion of the court's charge that instructs the jury to disregard the word "wound" in the indictment, which he thereupon struck out as surplusage. In so doing he made the state's case more difficult by narrowing the issue. It is more difficult to prove an intent to kill than an intent to wound. The error then, if any, was in the defendant's favor, of which he may not complain.

It is claimed that venue was not proved. This we do not find to be true. On page 6 of the record the venue is laid in general terms. That is sufficient.

It is asserted that §10, **Article I, of the State Bill of Rights,** has been violated in that the indictment was no indictment. We see no merit in this claimed constitutional question. Our opinion hereinbefore announced fully states our views and disposes of this claimed error. Hence finding no error herein prejudicial to the accused, the judgment is affirmed.

Judgment affirmed.

LEMERT and MONTGOMERY, JJ, concur.