## MURPHY v STATE

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 20, 1933

Wm. Thorndyke, Cincinnati, and August Beall, Jr., Cincinnati, for plaintiff in error.

Louis J. Schneider, Prosecuting Attorney, Cincinnati, and Dudley M. Outcalt, Assistant Prosecuting Attorney, Cincinnati, for defendant in error.

By HAMILTON, PJ.

Murphy was indicted and convicted of first degree murder in the unlawful killing of Harry Friedhoff, cashier of the Silverton Bank, while in the perpetration. of a robbery.

The verdict was returned without a recommendation of mercy. Judgment was entered on the verdict, and Murphy prosecutes error to this court.

The chief ground of error urged is, that the court erred in overruling the challenge of the defendant to the array of the jury and the overruling of the motion to quash the venire.

The ground of the challenge was that the venire was not issued and the jury was not drawn in accordance with the new jury law, which became effective August 2nd, 1932. There was an extended hearing on the question to the court, where records were submitted and oral evidence furnished, tending to show that the jury law as prescribed by the code was not followed in the issuing of the venire or the drawing of the jury.

We have examined this record and find several steps provided in the new jury code were not followed. The sections in question, §§11419-1 et seq, GC, are found in 114 Ohio Laws, pages 193 to 212.

The new jury code is rather complex and provides for a great many details in the selection of the jury. It had been in force at the time of this trial less than six months.

It appears that the names of the jurors, placed in the wheel, were not selected from names furnished by the board of elections from the poll books of the preceding election. It appears that the board of elections had not furnished such a list.

If this was a mandatory provision, the failure of the board of elections in the performance of its duty would block the wheels of justice in the administration of the law.

The law provides that judges shall have key numbers and shall select the names to go into the jury wheel from names furnished by the board of elections. Having no list, naturally no key number would be necessary.

Other defects are shown in the procedure in the selection of the jury. But the record discloses that the trial judge ordered a special jury drawn for the Murphy case.

There had been placed in the jury wheel the names of 2,000 electors of the county of Hamilton, taken from different walks of life. When the jury was drawn, the jury commissioner was absent. The names were drawn from the wheel by the deputy jury commissioner in the presence of the trial judge, who had ordered the jury drawn, the clerk and the sheriff, and counsel for the defense.

No complaint is made of the requisite qualifications of the jurors to act as jurors.

Sec 13745, GC, provides in part as follows:

"A new trial, after a verdict of conviction, may be granted on the application of the defendant, for any of the following causes **affecting materially his substantial rights.**"

How may it be said that the irregularity in the selection affected materially any substantial right of the defendant, plaintiff in error here? Counsel for the defendant saw the names drawn from the jury wheel.

The names were placed in the jury wheel by the jury commission, having been selected from all walks of life in large numbers. The drawing was in the presence of the sheriff, clerk, and judge, who issued the orders for the drawing, and it appears nowhere that any complaint was made as to a single member of the jury before the verdict. They had been afforded the names of the jurors.

The latter part of §11436, GC, provides: "* * * but such challenge (to the array) shall only be made before the jury is impaneled and sworn, and no * * * verdict set aside for any such irregularity or misnomer if the jurors who formed the same possessed the requisite qualifications to act as jurors."

It being affirmatively shown that all the jurors who sat in the case possessed the requisite qualifications to act as jurors, no substantial rights of the defendant were materially affected.

This conclusion is well supported by the case of **Long v State, 109 Oh St, 77.**

It is urged that the conviction is not sustained by the evidence.

Exception was also taken to certain questions propounded by the prosecutor to the defendant's witnesses.

There is ample evidence to sustain the verdict.

The questions excepted to were the asking by the prosecutor of the defense witness if he had ever committed the crime of robbery. The witness immediately answered "No," and the court instructed the jury to disregard the evidence. In the case of another witness, she was asked if she had been arrested and convicted of a certain crime, and she said she was dismissed, which was equivalent to a negative answer. The motion to strike this evidence was overruled by the court. These questions grew out of cross-examination, and while they were not proper questions, in view of the negative answers, we do not feel that the defense was prejudiced.

Finding no reversible error in the record, the judgment is affirmed.

CUSHING and ROSS, JJ, concur.