## STAIR v STATE

Ohio Appeals, 9th Dist, Wayne Co

No 936.   Decided June 14, 1935

Weygandt & Ross, Wooster, and Trout-man & Taggart, Wooster, for plaintiff in error.

Robert Critchfield, Prosecuting Attorney, Wooster, for defendant in error.

## OPINION

**By STEVENS, J.**

Was the jury, selected as hereinbefore indicated, a legally constituted jury?

It is conceded that all of said jurors originally summoned, with one exception, were called for service beginning January 21, 1935. Under §11419-43, GC, when said jurors had served three consecutive calendar weeks, it was the mandatory duty of said court to discharge said jury, unless they were, at the expiration of said three-weeks' period, engaged in a trial, in which event they could serve until the close of that trial; and thereafter said jurors were prohibited from jury service until the second jury year after their last service.

On Monday, February 11, 1935, all of said original venire, with the one exception, having served three consecutive calendar weeks, and no arrangements having been made for an additional venire, there was no jury in said court which could legally serve as a jury, and the calling, for service as jurors, of persons who were prohibited by law from so serving, was contrary to law, and could not constitute a basis upon which to authorize the summoning of talesmen.

It is our understanding that, before the provisions of §§11419-46 and 11419-48, GC, may be invoked, there must have been a legally constituted venire, the number of which had been reduced by challenge or other cause. or there must have been a sustained challenge to the array, in which event the depletion of the venire could have been replenished by resort to the procedure outlined in said §§11419-46 and 11419-48, GC.

In the instant case, however. there was no legally constituted jury, no nucleus upon which to build by the use of talesmen, and hence it was the duty of the court to order a jury to be **drawn** in the manner prescribed by law for the selection of jurors.

It is contended by counsel for the state that the objection of defendant was in effect a challenge to the array.

Recourse to §11419-50, GC, reveals the grounds for a challenge to the array, and it will be observed that no complaint was here made as to the manner of selecting, drawing or summoning the original venire; the contention being that, the venire having been summoned to serve from January 21, 1935, and having served for three consecutive calendar weeks, the members of said venire were disqualified and prohibited from further service by reason of §11419-43, GC.

With defendant's contention in that respect we are in accord.

"* * * A challenge to the array is not proper where the objection is not to the manner or method of drawing the jury. * * *"

24 O. Jur., "Jury," §75, p. 201, citing C., C., C. & St. L. Ry. Co. v Wehmeier, 33 Oh Ap 475.

Sec 13443-5, GC, provides what shall be a lawful jury in cases other than capital cases. It is therein provided as follows:

"In all cases other than capital, a jury summoned and impaneled according to the law relating to the summoning and impaneling of juries in other cases shall try the accused."

We hold that the jury before which defendant was compelled to go to trial was not a legally constituted jury within the purview of the foregoing statutes, and that the saving clause contained in §11419-50, GC, has no application to a situation such as is here presented.

Noncompliance with mandatory statutory requirements governing the selection of jurors, constitute reversible error.

**Cleveland Ry. Co. v Brescia, 100 Oh St 267.**

As to the second assignment of error, i.e., that the verdict and judgment are manifestly against the weight of the evidence, we make no finding, but some of the members of the court doubt whether the evidence, as it appears in the record at this time, establishes beyond a reasonable doubt that the act of which complaint is made was accomplished by the use of force and against the will of the complaining witness.

For error of law in the manner of selecting the venire, the judgment is reversed and the cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.