## CONRAD v KERBY

Ohio Appeals, 1st Dist, Butler Co.

No. 795.   Decided Nov. 12, 1940.

Sohngen, Parrish & Beeler, Hamilton, and Williams, Fitton & Pierce, Hamilton, for appellee.

E. J. Kantz, Hamilton, for appellant.

## OPINION

By HAMILTON, PJ.

Heard on appeal on questions of law.

The plaintiff's action was a suit for damages for injuries received in an automobile collision.

The defendant denied negligence and filed a cross-petition for damages against the plaintiff.

The case was tried to a jury, resulting in a verdict in favor of the plaintiff. A motion for a new trial was filed and overruled, and judgment entered on the verdict.

The specifications of error are limited to two propositions of law:

1st.   Irregularities in the selection of a jury.

2nd.   The inadmissibility of certain evidence offered by the plaintiff, and the claim that said admission of this evidence was prejudicial to the rights of the defendant.

On the question of the irregularity in the selection of a jury, the record discloses that after the jury returned a verdict in favor of the plaintiff and was discharged by the court, the defendant claims that he first learned that some of the jurors were not regular jurors for the term; that when the venire had been reduced, it became necessary to call other jurors to fill the panel; that the presiding judge called several persons for service in the case in addition to regular jurors, and that these persons, so called, had served as jurors for a period of three consecutive weeks, just prior to the period in which this case was tried.

It further appears that after the panel had been completed and sworn, there were three persons on the jury who had already completed their three weeks' service prior to this trial.

It appears that throughout the entire trial, counsel for the defendant made no inquiry with respect to any previous service by any of the jurors, nor did he at any time make any objection to any of the jurors, nor did he challenge the array. Counsel claims that he should be excused from this omission by reason of the fact that he was misled by information from the

Clerk; that he went to the Clerk's office prior to the trial and asked the Clerk if there were enough regular jurors to try the cause, and that the clerk replied that there would be enough of the regular jurors to try this case. Shortage of jurors was occasioned by the trial of another case and the other judge calling for jurors. This naturally reduced the number of regular jurors available for trial.

It is contended by appellee, that appellant, by his failure to object to or challenge any of the jurors in question during the trial, waived any right to do so after the trial was had and consummated and the jurors' verdict rendered.

Sec. 11419-51 GC, does provide as a cause for challenge the following: a person called not being a regular juror, who has served already as a talesman in a court of record within the preceding twelve months.

Sec. 11419-43 GC, prohibts the service as a talesman, any person who has already served for the statutory period of three weeks. This is ▆▆▆▆▆▆ █ also a cause for challenge, but the sections do not make the juror ineligible to serve as a talesman. The prior service is a ground for challenge for cause, or challenge to the array. And if the facts so show, the challenge would have to be sustained, but no where is it stated that this right to challenge may not be waived.

In the case of **Wilder v State of Ohio, 25 Oh St 555,** it is stated in the syllabus:

"Where the court, sua sponte, inquired of the jury, as directed by §11 of the Act of 1873 **(70 Ohio L. 167),** without eliciting ground for challenge, and no challenge was in fact made, and no further diligence used to ascertain the ground for challenge, the judgment will not be reversed although the party against whom it was rendered was at the time ignorant of the fact that a juror had served as a talesman within the next preceding twelve months."

It is stated in **Kenrich v Reppard, 23 Oh St 333:**

"The general rule is, that a party omitting to examine or challenge a juror waives all objections to his competency. To take a case out of this rule, it is not enough merely to show the ignorance of the party, or his disbelief of the disqualification of the juror; and this rule applies as well to jurors summoned upon special venire as to jurors drawn from the box."

In the case of **Watts v Ruth, 30 Oh St 32,** it is stated:

"To take a case out of this general rule, (waiver) it is not a sufficient showing, on motion for a new trial, that the party at the time the jury was impaneled, was ignorant of the fact of the incompetency of such person for a juror, and that he believed him to be competent. He must at the proper time have examined the juror touching his qualifications. Nothing short of such an investigation will furnish a showing of reasonable diligence."

The case of **Stair v State, 20 Abs 170,** is cited by appellant in support of his proposition, but that case is not in point, since objection and exceptions were reserved throughout the examination of the jury, and over the objection and exceptions of the defendants, the jury was sworn, requiring the defendant to proceed to trial, so that the objection was timely made. A different situation is here presented. The defendant sat by, failed to examine the jurors as to qualification, failed to make objection, failed to reserve exceptions, and made no objection to proceeding to trial before the jury was impaneled. Under the decisions, he must be held to have waived any objection, and this point of error is not well taken.

The other point of error raised is as to the admission of testimony. The testimony objected to was the testimony of witnesses by way of rebuttal, to the effect that the defendant had made statements at other places and

times contrary to his evidence given at the trial. This evidence was objected to on the ground that no sufficient ground was laid, which would entitle the plaintiff to rebut the evidence.

In the case of **DeGroodt v Skrbina, 111 Oh St 108,** the Supreme Court stated the rule in such cases as follows:

"It has always been competent to show admissions made by the parties to the record whether those admissions were made while testifying as a witness, or were made upon the streets. Such statements are evidence for the adverse party. If the testimony is of such a character as to constitute an admission of the party, it is not necessary to lay the foundation for its reception, or even to cross examine the party on the subject. The reason for the admission of such a statement is both clear and compelling. They are admitted because conduct of a party to the proceeding, in respect to the matter in dispute, whether by acts, speech, or writing, which is clearly inconsistent with the truth of his contention, is a fact relevant to the issue. When a party to a civil action has made admissions of facts material to the issue, they are, as a rule, admissible against him."

The matter testified to, and objected to, was given by the defendant in the case, and pertained to the question of speeding on the part of the defendant at the time of the accident. The rule sought to be applied here by the appellant would be pertinent if the matter of the impeachment of a witness were concerned, where ground for the impeachment must be laid. But in this case one of the issues of negligence was the excessive speed on the part of the plaintiff. If he stated out of court that the plaintiff's car was only going fifteen or twenty miles an hour, this might well be considered as an admission against interest, and when he testified on examination that the speed was much greater, his admission would be clearly inconsistent with the truth of his contention as to the fact relative to the issue.

The trial court did not err in admitting this evidence although introduced by way of rebuttal.

We find no prejudicial error in the record, and the judgment is affirmed.

MATTHEWS & ROSS, JJ., concur.