THE STATE, EX REL. LEGERE, APPELLEE, *v.* CARROS,
APPELLANT.

(No. 1127—Decided May 10, 1946.)

*Mr. Wayne C. Black,* for appellee.
*Mr. D. W. Myers* and *Mr. Richard S. Horan,* for
appellant.

DOYLE, J. We are concerned in this appeal on ques-
tions of law from the Court of Common Pleas of
Lorain county with the legal sufficiency of a judgment
therein rendered, which adjudged Charles Carros the
father of a bastard child, and ordered him to pay an

amount fixed by the court under the authority of the statutes for his fortuitous parenthood.

A jury of twelve determined the paternity upon evidence amply sufficient to satisfy the rule of preponderance. The charge of the court on the law was correct and complete. The right to compel the male parent of an illegitimate child to pay, *inter alia,* for its support, has been the law of this state for years. Thus far the synthesis cannot be challenged.

In examining the errors assigned in support of the claim that the judgment of the Court of Common Pleas is erroneous, it is necessary to speak of but one: Did the trial court commit prejudicial error "by placing in the jury box as a regular venire persons who were not legally selected to serve as jurors * * *"?

For reasons not shown in the record, there were not sufficient regular jurors in attendance to serve two courts. Counsel for the prosecutrix reflects the situation in his statement that "All of the [regular] jurors were first ordered to report for examination as prospective jurors for the trial of a criminal case in another court room. As jurors were excused from the other court room, they reported for service in the room where this case was awaiting trial. It appears that there was a shortage of jurors and the bailiff called additional talesmen to fill up the panel. The three talesmen called were not on the regular jury list, although they possessed the qualifications of electors as fixed by the statutes of Ohio."

The record shows that these nonregular jurors were visitors at the courthouse on the day of the trial, and, without the knowledge of the trial judge, were added to the regular jurors by the bailiff of the court and seated in the jury box for examination on the *voir dire.*

It cannot be disputed that there was a failure to follow the statutory method to secure talesmen for the panel. The Code regulates the manner and form, and

it was not followed. Can we say that this dereliction must invalidate the verdict and judgment?

Counsel for each side examined the jurors at length. However, no interrogation was directed to this aspect of their qualifications. The trial judge was unaware of the irregularity. No objection was made to their service, and after examination they were passed for cause.

It is the judgment of a majority of the court that this case should be governed by the general rule pronounced by Judge Ranney in *Eastman* v. *Wight*, 4 Ohio St., 156, and followed in numerous cases in various courts of the state from that time on, and among which is a late opinion of this court: *Cottman* v. *Federman Co.*, 71 Ohio App., 89, 47 N. E. (2d), 1009. Judge Ranney stated:

"It is certainly clear that all jurors must have the qualifications of electors; and if one not having such qualification is retained upon the panel, without the knowledge of the party or his counsel, *and after reasonable diligence used to ascertain the fact when the jury is impaneled,* a new trial should, for that cause, be granted. But it is equally clear that the proper time to take the objection is at the impaneling of the jury; and it must be taken to have been waived, unless the party is able to show to the court, upon the hearing of the motion, that with the exercise of such diligence he could not have taken the exception at the proper time." (Italics ours.)

The following cases show the application of this general rule to a variety of circumstances:

*Hayward* v. *Calhoun,* 2 Ohio St., 164; *Kenrick* v. *Reppard,* 23 Ohio St., 333; *Wilder* v. *State,* 25 Ohio St., 555; *Watts* v. *Ruth,* 30 Ohio St., 32; *McHugh* v. *State,* 42 Ohio St., 154; *Murphy* v. *State,* 45 Ohio App., 290, 187 N. E., 75; *Conrad* v. *Kerby,* 66 Ohio App., 359, 31

N. E. (2d), 168; *Toledo C. S. Ry. Co.* v. *Toledo E. S. Ry. Co.,* 5 C. D., 643, 12 C. C., 367.

It is asserted that all or most of the cases cited *supra* have no application to jurors who were selected at random in the corridors of the courthouse by the bailiff of the court without the knowledge or direction of the court. And that counsel had the right to assume that the jury had been legally impaneled and that the responsibility of the trial judge negated the responsibility of counsel to ascertain that fact and object.

In the case under consideration, it must be borne in mind that we are not judging a suit in which the court erroneously ruled on challenges to individual jurors or to the array. In so far as the record shows, the three nonregular jurors were disinterested, honest and intelligent, and possessed the qualifications of electors and jurors, with the single exception that they had not been regularly summoned and were found in and about the courthouse, and for which reason they could have been challenged for cause.

Counsel for the appellant had available for use and comparison the list of regular jurors. They had the opportunity to explore on the *voir dire* every phase of their qualifications. And while they meticulously examined all of the jurors, including the three irregulars, they did not inquire into the one question of which they now complain. These facts do not show the exercise of "due diligence," without which the irregularity is waived. It was counsel's duty to show the court, by their questions, the existing irregularity, and they cannot, at a later date, place the sole responsibility upon the judge, when, for aught that appears, they preferred the irregulars.

Viewing the record, it cannot be said that the defendant did not have a fair trial by an impartial jury, consisting of persons having the qualifications of electors of the county and sworn to act under the

guidance of an oath. Nor can it be said that fraud or imposition intervened.

The procedural steps for the securing of talesmen were waived by counsel, and as a consequence thereof the judgment should be affirmed.

Concerning the other errors assigned, we find none of a prejudicial character.

*Judgment affirmed.*

STEVENS, J., concurs.

WASHBURN, P. J., dissenting. My dissent in this case is because, in my judgment, the facts do not warrant the application of the rule that, where there is an irregularity in the impaneling of a jury and a party by his attorney makes no objection thereto, after verdict such party is held to have waived the irregularity, unless it be shown that the attorney had no knowledge of such irregularity, and that the circumstances were not such that, by the exercise of reasonable diligence, he should have discovered the irregularity.

In this case, neither the trial judge nor any of the attorneys knew that there was not a sufficient number of regularly summoned jurors to constitute a jury, and the bailiff, who anticipated such condition, spoke to three persons who were in and about the courthouse, and told them if they would remain they would probably be called upon a jury.

There were nine of such regularly summoned jurors, and when the bailiff called the jury she classed said three persons with the nine jurors and called them all, and in such a manner that neither the court nor the attorneys in the case knew or had any suspicion that three talesmen from in and about the courthouse had been called to the jury. The case was completed in one day, and not until after verdict had been returned did either the attorneys or the court discover that any

talesmen had been called for service upon the jury.

Section 11419-48, General Code, provides in part. that "no person known to be in or about the courthouse shall be selected" as a talesman for service as a. juror "without the consent of both parties." In my judgment, that section was violated in the selection of the jury in question, without the knowledge of the attorneys, and under circumstances which did not, in the exercise of due diligence, require them to make any inquiry in reference to the violation of the statute. The section requires their consent, which was not obtained, and the principle of waiver was not applicable.