The STATE of Ohio, Appellee,

v.

MONTIERO, Appellant.

[Cite as *State v. Montiero*, 189 Ohio App.3d 655, 2010-Ohio-4076.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2009–12–297.

Decided Aug. 30, 2010.

Robin N. Piper III, Butler County Prosecuting Attorney, and Lina N. Alkamhawi, Assistant Prosecuting Attorney, for appellee.

Timothy R. Evans, for appellant.

———

YOUNG, Presiding Judge.

{¶ 1} Defendant-appellant, Luis Montiero, appeals the decision of the Butler County Area III Court denying his motion for a new trial.

{¶ 2} In August 2009, appellant was tried to a jury for operating a vehicle while intoxicated ("OVI"). During voir dire, prospective juror Aaron Engel stated that he was from Canada and had lived in the United States for 17 years. Later, in response to a question by defense counsel, Engel unequivocally stated that he was not a United States citizen. Neither defense counsel nor the state followed up on that revelation to determine whether Engel was qualified to be a juror. In fact, counsel for both the state and the defendant allowed Engel to be on the jury without objection. Following his jury conviction for OVI, appellant filed a motion to dismiss or for a new trial on the ground that because Engel was not a United States citizen, he was not qualified to be a juror. Appellant asserted that allowing Engel to sit as a juror constituted structural error because only seven qualified jurors rendered the verdict. On October 27, 2009, the trial court denied the motion.

{¶ 3} Appellant timely appealed, raising one assignment of error:

{¶ 4} "The court erred in failing to grant a new trial and in seating a juror who is not a citizen."

{¶ 5} Appellant argues that Ohio law requires jurors to be United States citizens and that because Engel was not a United States citizen, he was not qualified to be a juror. Appellant again asserts that allowing Engel to sit as a juror constituted structural error because only seven qualified jurors rendered the verdict.

{¶ 6} A motion for a new trial pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of

discretion.  *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 82.

{¶ 7} The Rules of Superintendence for the Courts of Ohio clearly provide that "[a]ll persons should be eligible for jury service except those who [a]re not citizens of the United States."  Appendix B, Ohio Trial Court Jury Use and Management Standards, Standard 4(B).  Surprisingly, the requirement that a juror be a United States citizen is not as clearly stated under the Ohio Revised Code, though it is indirectly set forth.

{¶ 8} R.C. 2313.42 lists a number of causes for challenge of persons called as jurors, but the lack of a United States citizenship is not listed among them.  However, the preamble paragraph of R.C. 2313.42 provides that "[a] person is qualified to serve as a juror *if he is an elector* of the county and has been certified by the board of elections pursuant to [R.C.] 2313.06 * * *.  A person also is qualified to serve as a juror if he is [18] years of age or older, is a resident of the county, *would be an elector* if he were registered to vote, regardless of whether he actually is registered to vote, and has been certified by the registrar of motor vehicles pursuant to [R.C.] 2313.06 * * * or otherwise as having a valid and current driver's or commercial driver's license."  (Emphasis added.)

{¶ 9} R.C. 3503.01 sets forth the qualifications of an elector, stating: *"Every citizen of the United States* who is of age of [18] years or over and who has been a resident of the state thirty days immediately preceding the election at which the citizen offers to vote, is a resident of the county and precinct in which the citizen offers to vote, and has been registered to vote for thirty days, has the qualifications of an elector and may vote at all elections in the precinct in which the citizen resides."  (Emphasis added.)  See also *State v. Hull* (1999), 133 Ohio App.3d 401, 728 N.E.2d 414 (the Ohio Constitution and Ohio Revised Code unequivocally establish that an elector must be a United States citizen).

{¶ 10} The Ohio Revised Code thus requires a person to be a United States citizen in order to qualify as a juror.  Engel is not a United States citizen, a fact that was clearly and undisputedly revealed during voir dire.  Neither defense counsel nor the state followed up on that revelation to determine whether Engel was qualified to be a juror.  In fact, counsel for both the state and the defendant allowed Engel to be on the jury without objection.

{¶ 11} "[A]ll jurors must have the qualification of electors.  If a person not having this qualification is retained upon the panel, without the knowledge of the party or his counsel, after due diligence and inquiry has been made to ascertain the juror's qualification at the time of impaneling the jury, a new trial should be granted."  *Watts v. Ruth* (1876), 30 Ohio St. 32, 35.  But it is equally clear that the proper time to make an objection with respect to a juror's

qualifications is at the impaneling of the jury. *Eastman v. Wight* (1854), 4 Ohio St. 156, 160. If an objection is not made, the matter is waived unless the party is able to show to the court, upon hearing, that with the exercise of diligence, he could not have made the objection at the proper time. Id. (juror not an elector). See also *Watts,* 30 Ohio St. 32 (juror a minor); *Kenrick v. Reppard* (1872), 23 Ohio St. 333 (juror not an elector); *Hayward v. Calhoun* (1853), 2 Ohio St. 164 (juror belonged to former jury in same case); *Hull v. Albro* (1858), 13 Ohio Dec.Rep. 91 (juror not an Ohio resident); *State v. Hanna* (Dec. 31, 2001), Warren App. No. CA2001–04–032, 2002 WL 4529 (juror was a convicted felon).

{¶ 12} Some of the reasons given for the rule requiring objection at the impaneling of the jury are "to prevent constant mistrials, and to protect the rights of the adverse party." *Watts,* 30 Ohio St. at 35. The principal reason for the rule is that "[i]t would be a trifling with the forms of justice to permit a party to waive these rights that he should exercise before the jury are sworn, and run the chances of a verdict, and after it had gone against him, to use it for the purpose of obtaining a new trial. This would be using provisions, made for the sole purpose of affording a fair trial, as the means of obtaining an unfair advantage." *Hayward,* 2 Ohio St. at 166. In other words, "[a] defendant cannot be satisfied with a juror [at the time the jury is impaneled] * * * and then be heard to say after conviction that he is not then satisfied. One may not play fast and loose in this fashion." *Hanna* at *4, quoting *Fry v. State* (1932), 43 Ohio App. 154, 156, 182 N.E. 695.

{¶ 13} Once Engel unequivocally revealed he was not a United States citizen, defense counsel had the opportunity to challenge him at the proper time. Nothing in the record indicates that defense counsel ever requested a challenge for cause or a peremptory challenge as to Engel. Rather, the record indicates that following his questioning of Engel during voir dire, defense counsel was satisfied with Engel as a juror and did not challenge him.

{¶ 14} Thus, appellant has waived his right to object to juror Engel's competency as he failed to object to Engel at the time the jury was impaneled. See *State ex rel. Le Gere v. Carros* (1946), 80 Ohio App. 65, 35 O.O. 439, 74 N.E.2d 779 (while defense counsel meticulously examined all of the jurors, including the three irregulars, he did not inquire into the one question of which he now complains. It was counsel's duty to show the court, by his questions, the existing irregularity, and he cannot, at a later date, place the sole responsibility upon the judge, when, for aught that appears, he preferred the irregulars).

{¶ 15} Appellant nevertheless asserts that allowing Engel to sit as a juror constituted structural error because only seven qualified jurors rendered the verdict.

{¶ 16} A structural error is a constitutional defect that affects the framework within which the trial proceeds, rather than simply being an error in the trial process itself. *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 20. Structural error gives rise to a conclusive presumption of prejudice as a matter of law and thus requires automatic reversal. *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9–10; *State v. Linnik*, Madison App. No. CA2004–06–015, 2006-Ohio-880, 2006 WL 456792, ¶ 43. In determining whether an alleged error is structural, the threshold inquiry is whether such error "involves the deprivation of a constitutional right." *Colon* at ¶ 21. "If an error in the trial court is not a constitutional error, then the error is not structural error." Id.

{¶ 17} Because the alleged error here involves a statutory violation under R.C. 2313.42, and not a constitutional right (see Section 5, Article I, Ohio Constitution: "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury"), we cannot conclude that the trial court's oversight involves structural error.

{¶ 18} Furthermore, this case is akin to the Ohio Supreme Court decisions cited earlier in which guilty verdicts were upheld even though the verdicts were rendered by a jury that included a person who did not qualify as a juror and thus should not have been on the jury. See *Eastman*, 4 Ohio St. 156 (motion for new trial denied, juror not an elector); *Kenrick*, 23 Ohio St. 333 (motion to discharge jury denied, juror not an elector); *Watts*, 30 Ohio St. 32 (motion for new trial denied, juror was a minor); *Hayward*, 2 Ohio St. 164 (motion for new trial denied, juror belonged to former jury in same case); *Hull*, 13 Ohio Dec.Rep. 91 (motion for new trial denied, juror not an Ohio resident). In those cases, the Supreme Court did not analyze the juror's lack of qualification under structural error and did not find structural error.

{¶ 19} We therefore find that the trial court did not err by denying appellant's motion for a new trial. The assignment of error is overruled.

Judgment affirmed.

POWELL and HENDRICKSON, JJ., concur.