## GOFF *v.* MOORE ET AL.

*Descent—Devise of life estate only—Intestacy as to fee—Title descends under Section 8574, General Code, when—Section 8577, General Code.*

The relict of a deceased husband or wife, who leaves a will bequeathing a life estate only, permitting the fee to go where the statute sends it, dies intestate as to real estate inherited from such deceased husband or wife, and in consequence the title to such real estate passes under the provisions of Section 8577 and not under Section 8574, General Code.

(Decided May 21, 1914.)

APPEAL: Court of Appeals for Licking county.

POWELL, J.; VOORHEES and SHIELDS, JJ., concurring.

So much of the facts in this case as are necessary to understand the issue involved are as follows:

Abner Goff died in 1896, intestate and without issue, leaving Martha Goff, his widow, surviving

him.   She was his sole heir at law.   At his death he was seized in fee simple of 162 acres of land in this county, which is the subject of this controversy.   Martha Goff, his widow, died in May, 1907, seized of the real estate which had descended to her from her said husband, Abner Goff.   Martha Goff left a will by the terms of which she gave a life estate in said lands to her brother, Ensley Finney Haas, but made no disposition of the remainder in said lands after the termination of said life estate.   The item of the will of Martha Goff disposing of said real estate is as follows:

"First:   I give and devise to my brother, Ensley Finney Haas, to have and to hold during his natural life, all of the farm with its appurtenances which was owned by my husband, Abner Goff, at the time of his death, and of which I became seized as his widow, consisting of 162 acres, more or less, and situated in Washington township, Licking county, Ohio."

There is no other reference in her will to this real estate.   Ensley Finney Haas was the sole heir at law of Martha Goff, and he died shortly after the death of his sister, Martha Goff, leaving a will by the terms of which he gave the residuum of his estate to the defendant, Allen B. Gregg.   This action is for partition of the lands described, being the 162 acres mentioned above.   An issue was made by the pleadings as to the descent of the title to this land from Martha Goff, and this is the question to be determined in this action.

Martha Goff took title to this land by virtue of Section 8574, General Code.   At her death, intestate and without issue, it would pass one-half to

her brothers and sisters, and one-half to the brothers and sisters of her deceased husband, Abner Goff.   If she should dispose of it by will or deed, of course, it would descend according to the terms of such deed or will.   This, however, she did not do.   The question peculiar to the case is whether or not Martha Goff died intestate or testate, so as to control the descent of this land from her.   It is conceded that in either event one-half of the land would descend to her brother, Ensley Finney Haas, he being her sole heir at law, and the same would pass under his will to the defendant, Allen B. Gregg.   But what of the other one-half?   She died leaving a will, but she did not dispose of the fee of this land in her said will.   If she died intestate the second half of this land would pass to and vest in the brothers and sisters of Abner Goff, deceased, under Section 8577, General Code.   If she died testate the land would not pass under Section 8577 at all but according to the terms of her said will.   If she died testate, but without disposing of said lands in her said will, it is claimed that they would pass, not under Section 8577, but under Section 8574, to which it is held Section 8577 is supplementary.   If said lands passed from Martha Goff under Section 8574, the whole of said lands would descend to her brother, Ensley Finney Haas, and no part thereof would pass to the brothers and sisters of her deceased husband, Abner Goff.   But is this the true construction of said sections, or the true construction to be given to the words "die intestate," as used in Section 8577?   This court is of the opinion that such is not the true construction to be given to these words.   The word "intestate,"

as used in Section 8577, does not apply to the person alone, but to the property of which such person may die seized. Martha Goff died testate; that is, she died leaving a last will and testament, which was afterwards duly admitted to probate and record in the probate court of this county. She also died intestate as to the fee in this 162 acres of land, which had descended to her from her deceased husband. The word "intestate" not only applies to a person dying without a will, but applies also to any property which descends under and by virtue of the statutes and not by the terms of any last will and testament.

It is the opinion of the court that Martha Goff died intestate as to the real estate which she inherited from her husband, and that the title to such real estate would pass and descend in accordance with the terms and provisions of Section 8577, and not according to the terms and provisions of Section 8574. Or, in other words, the one-half of this land will pass and descend as intestate property to the brothers and sisters of said Abner Goff, deceased, or to their legal representatives, and a partition of the same will be ordered as prayed for by them.

The cause will be remanded to the court of common pleas to carry this order of partition into effect.

*Decree accordingly.*

*Mr. A. A. Stasel,* for plaintiff.

*Messrs. Flory & Flory* and *Messrs. Kibler & Kibler,* for defendants.