## ACTION FOR INJURIES RECEIVED ON A DEFECTIVE SIDEWALK.

Court of Appeals for Warren County.

VILLAGE OF LEBANON V. SCHWARTZ.

Decided, Fabruary 4, 1915.

*Municipal Corporations—Injury on Defective Sidewalk—Evidence as to
the Condition of the Walk Both at the Time of the Accident and
Subsequent Thereto—For What Purpose Such Evidence is Admis-
sible—Failure to Restrict Evidence to Its Proper Purpose in In-
struction to Jury.*

Where, in an action for damages for personal injuries received by
reason of a defective sidewalk, a view of the sidewalk is had by
the jury, and afterwards during the trial of the case evidence is
offered and admitted, over repeated objections of counsel for the
village, showing change in and labor performed on the sidewalk
since the accident, and where objecting counsel, though not asking
for an instruction limiting the effect of such evidence, based the
objection to such evidence upon the ground that it was "not re-
stricted to the proper purpose." *Held:* Such evidence was ad-
missible only to show control by the village and the changed con-
dition of the walk and not as proof of negligence, and the failure
of the trial judge to so instruct the jury was error which requires
a reversal of the judgment.

*Hamilton & Langdon,* for plaintiff in error.
*Milton Clark* and *Robert J. Shawhan,* for defendant in error.

JONES (E. H.), J.

Heard on error.

The defendant in error, Mary A. Schwartz, recovered a judg-
ment against plaintiff in error, the village of Lebanon, in the
court below on account of personal injuries received by her from
slipping upon an alleged defective sidewalk.

We are of the opinion that the trial court erred to the preju-
dice of plaintiff in error by failing to instruct the jury that
the evidence as to a change in the sidewalk in question caused
by the hauling of gravel and by labor performed at the point
where the accident occurred, and admitted over the objection of

plaintiff in error, was only competent to show the changed condition and the control of the village, and was not to be considered by them as any evidence of actionable negligence on the part of the village.

It is argued by counsel for defendant in error that this error can not be relied upon for reversal, for the reason that the court was not asked to so restrict the evidence at the time.

While the objection was repeatedly, and we might say in every instance, made to this evidence as being incompetent, irrelevant and immaterial, there is but one place so far as we have been able to find where the court was given any intimation as to the specific ground of objection. On page 92 we find the following:

"Have you recently hauled any gravel or placed any gravel at the end of the walk on the west side, or just north of the laundry where the sidewalk on Broadway runs down to the Cincinnati pike?

" (Objection by Mr. Langdon. Objection overruled and exception taken.)

"By Mr. Langdon,: We object to the general form of the question as not restricted to the proper purpose."

As a matter of practice, what counsel should have done was to have asked the court to restrict the evidence "to the proper purpose." But in view of the well settled principle of law, as laid down in the cases cited in brief of counsel for plaintiff in error, as well as in many other cases in Ohio, we feel that it was the duty of the court to so charge the jury upon admitting the evidence over the objection of counsel, without a request so to do; and the omission to so restrict the evidence at the time must be held to be prejudicial to plaintiff in error. See *Brewing Co.* v. *Bauer*, 50 Ohio St., 560; *City of Circleville* v. *Sohn*, 20 C. C., 377.

It is practically conceded by counsel for defendant in error, in their brief, that if the trial court had been asked at the time to limit the scope of this evidence, it would have been prejudicial error for him not to have done so. In support of the proposition that the instruction must have been asked in order that

the failure to instruct shall be a ground for reversal, we are cited to 1 Thompson on Trials' (2d Ed.), Section 693, and to the case of *Brooklyn St. Rd. Co.* v. *Kelley,* 6 C. C., 155.

The second paragraph of the syllabus in the case cited is in no wise in conflict with our finding in this case. We find no reference in the syllabus, which is supposed to state the law of the case, to the duty of the court to restrict the scope of the evidence in any way; and from a reading of the opinion it seems that the court's attention was not called in any manner to the inadmissibility of the evidence except by a general objection. The court, on pages 157 and 158, say:

"The objection to this question is a general objection. If it had been objected to on the ground that it could not be introduced to show negligence, or that it could not be introduced unless the time was fixed before the accident, to show notice— if the objection had been of that character, and then the question had been admitted, it is fair to presume the court would have confined the testimony to showing simply the character of the place. If the court had admitted it for the other purposes, it would have been error—but being a general objection, and the testimony being admissible for one purpose, it was not error for the court to admit it."

This language supports the position we have taken in this case. While it would have been better practice for the attorneys to have more explicitly and clearly called the attention of the court to the limitations of this evidence, we find that by the objection and statement of counsel above quoted sufficient was done to meet the requirements and to call the attention of the judge to the instruction which should have been given.

We have carefully examined the section in Thompson on Trials to which we have been cited, and from the illustrations given in the closing part of the section are of the opinion that the proposition there laid down does not bear close relation to the question in this case. It seems that the author had in mind the duty resting upon an attorney to make clear the ground of his objection where same pertained to a defect or invalidity in a written instrument offered in evidence. So far as the doctrine laid down by Thompson applies to this case, or applies

to the duty of counsel to ask an instruction limiting the effect of evidence, we think it has been complied with in this case, as shown by the record. For the reasons given the judgment is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded.

JONES (Oliver B.), J., concurs; SWING, J., not participating.