### F. M. Hess, Admr. v. American Bible Soc. et al.

**Devise to Sister and Her Husband, Charged With Bequest to Bible· Society Lapses as to Sister's Undivided Share at her Death Without Issue and Interstate or Equitable Election Requires Payment Out of Her Share and Husband Deemed to Elect to Accept his Share.**

The will of M devised certain real estate to his sister and her husband jointly, burdened with a bequest of $10,000 to the American Bible Society. The sister died without issue prior to the death of the testator. The husband survived the testator, but died before a sale of the land had been effected or he had made an election under the will. Held:

1.   The bequest to the sister of an undivided one-half of said property lapsed, and said interest thereby became intestate property.

2.   The other undivided one-half passed under the will to the husband of said sister, subject to his right of election to accept benefits and assume the obligations thereby conferred, with the privilege of postponing his election until he could determine whether acceptance of the bequest would prove a benefit or a detriment; and inasmuch as there will be something over after payment of the legacy to the bible society together with costs, he will be presumed to have elected to take.

3.   If the devise to the sister did not lapse, it became subject to the equitable rule of election, and in either event should be applied to payment of the disappointed donee, the bible society, whose legacy was general and not special, and as intestate property this lapsed bequest should be exhausted in payment of costs and the bible society legacy before resort is had to the remainder of the estate.

4.   The residue of the legacy to the bible society with accrued interest should be paid out of the other half of the estate, the balance over going to the heirs of the deceased devisee.

[Syllabus by the court.]

Appeal.

*Brucker, Voegele & Henkel,* for plaintiff.

*Olin M. Farber,* for American Bible Soc.

*W. S. Kerr* and *Douglass & Hutchinson,* for other defendants.

### POWELL, J.

This is an action for the direction of the court relative to the administration of the estate of Joshua Measle, deceased, and the same is authorized by Sec. 10857 G. C.

First in logical order is the construction to be given the will of said Joshua Measle, deceased, in view of the admitted and established facts.  The pertinent facts are as follows:

Joshua Measle died October 3, 1908, leaving a will, which was duly admitted to probate and record in this county.  Mary Sprow, his sister and devisee under his will, died without issue surviving her August 25, 1908.

Lewis Sprow, the husband of said Mary Sprow, was appointed executor October 29, 1908.

On December 28, 1910, after the verdict of a jury sustaining the will of said Joshua Measle, Sprow as executor filed a petition to sell the real estate of said testator to pay debts, costs, and a legacy to the defendant, the American Bible Sociey, in the district court of Cedar county, at Hartington, Nebraska, in which state said real estate was situated.  Lewis Sprow died April 10, 1911, before said lands had been sold, and F. M. Hess was appointed administrator *de bonis non* with the will annexed of the estate of said Joshua Measle, deceased.

Hess sold the said real estate June 10, 1911, for something more than $16,000 and filed his petition in this case February 8, 1912.

The provisions of the will of the said Joshua Measle requiring construction are as follows:

"Second, I give and devise and bequeath to my sister Mary Sprow and her husband Lewis Sprow in fee simple all my personal property and real estate of every kind, nature and description that I own or may own at the time of my decease.

"My real estate at this time is situated in Town 30, range 2 E., Cedar county, Nebraska, they to have the exclusive right to do whatever they think best with the same, just as though they had purchased it and received deeds from me.

"Item Three.  It is my will and I hereby order that my sister Mary Sprow and her husband Lewis Sprow shall pay to the American Bible Society, Bible House, New York, ten thousand dollars ($10,000) within one year after my death and to take good and sufficient receipt in my name for the same from the American Bible Society or their proper officials."

Mary Sprow died, without issue before her brother, the

testator, and her interest in his property under his will lapsed, unless it comes within the exception mentioned in Sec. 10581 G. C., relating to residuary legatees. Such exception is as follows:

"Section 10581. * * * If such devisee leaves no such issue, and the devise be of a residuary estate to him or her, and other child or relative of the testator, the estate devised shall pass to, and vest in such residuary devisee suviving the testator, unless a different disposition be made or required by the will."

The words "residuary estate" in this statute are held to be used in a technical sense and should be given their technical meaning, when it becomes necessary to construe the same to determine their legal effect. *Jewett* v. *Jewett,* 12 Circ. Dec. 131 (21 R. 278).

Applying such construction to the language of the will of Joshua Measle, and Mary Sprow and Lewis Sprow become and are general legatees or devisees and not *residuary* legatees, and the exception mentioned does not apply, and Lewis Sprow did not take the half of testator's property devised to Mary Sprow as a residuary devisee under the will.

For another reason Lewis Sprow could not take the share devised to Mary Sprow, and that is, he is not such relative of the testator as is contemplated by the provisions of said Sec. 10581 G. C. He is a relative of the testator by affinity only, and not by consanguinity. *Schaefer* v. *Bernhardt,* 76 Ohio St. 443 [81 N. E. 640; 10 Ann. Cas. 919.]

And though Lewis Sprow may have been next of kin to Mary Sprow, and entitled to inherit from her, yet his relationship to her brother, the testator, is not such as to prevent the legacy to Mary Sprow from lapsing. *Norwood* v. *Mills,* 3 Dec. 356 (1 N. P. 314).

Mary Sprow having died before the death of the testator, the share of his estate given and devised to her must be held to have lapsed and thereby to have become intestate property.

A testator may die testate as to part of his property, and *intestate* as to the residue. *Goff* v. *Moore,* 36 O. C. C. 618 (20 N. S. 224; 3 App. 170).

The other undivided half of said estate passed under the will.

Hess v. American Bible Soc.

of said testator to Lewis Sprow, subject, however, to a right of election on his part, as to whether he would accept the benefits. conferred on him by said will and assume its obligations, or refuse to accept such benefits and·thereby decline to assume its. burdens.

This was a case for an election. The testator devised onehalf his estate to Lewis Sprow coupled with a provision that he should pay a legacy of $10,000 to the American Bible Society; and he can not accept the benefits conferred on him by an instrument of this character and at the same time repudiate the burdens which such instrument imposes.

"1.  When a testator by will confers a benefit out of his own estate upon another whose estate he also attempts to dispose of by such will, the acceptance of the benefit by the devisee is a ratification of the attempted disposition of his own estate.

"2.  When from all the terms and the entire scope of a will it appears that the testator intended to charge property in the hands of his immediate devisee with a trust in favor of third persons, courts will give effect to that intention, whether the terms used by the testator be, in form dispositive, peremptory or precatory only." *Ide* v. *Clark,* 3 Circ. Dec. 120 (5 R. 239).

"No technical language is necessary to the creation of a trust; and a devise accompanied by words imperative, expressing a wish or recommendation that devisee will apply it to the benefit of others, may create a trust." *Colton* v. *Colton,* 127 U. S. 300.

This doctrine seems well settled law in Ohio. *Huston* v. *Cone,* 24 Ohio St. 11; *Hibbs* v. *Insurance Co.* 40 Ohio St. 543; *Corry* v. *Lamb,* 45 Ohio St. 203 [12 N. E. 660] ; *Bebout* v. *Quick,* 81 Ohio St. 196 [90 N. E. 162] ; Pomeroy, Equity Juris., Sec. 395; Snell's Equity, 178.

A statement of the doctrine applicable to cases of this kind may be found in *Bebout* v. *Quick, supra,* above cited. Quoting from Pomeroy, Equity Juris., Sec. 395, the court says:

"The owner of an estate having, in an instrument of donation, applied to the property of another expressions which, were that property his own, would amount to an effectual disposition of it to a third person, and having by the same instrument dis-

posed of a portion of his own estate in favor of the proprietor whose rights he assumed, equity imposes upon that proprietor the duty of electing either to relinquish the benefit conferred upon him by the instrument, if he asserts his own inconsistent proprietary right, or if he accepts that benefit, to complete the intended disposition by conveying in conformity to it that portion of his own property which it purports to affect."

The court is of the opinion that this doctrine is applicable to the case under discussion. Lewis Sprow was the devisee of the half of testator's property. He, or it, is charged by the will making the devise, with the payment of $10,000 to the American Bible Society. If he accepts the gift he must make the payment. The two acts of acceptance and payment are concurrent and no statute of limitations applies to the one that does not equally apply to the other.

As a matter of fact, did Lewis Sprow make an election to accept the devise made for his benefit by the will of said testator? The court is of the opinion that he did not make an unconditional election. He proceeded as executor to convert the estate into money, in order to make settlement of the same. He was under no obligation to make such election until the rights of third persons were interfered with, and he could proceed as he did proceed to settle up the estate, and postpone his election until he could ascertain and know whether such election would be a benefit to him or a detriment.

The law presumes, however, that if in the end, an election to take under the will would be beneficial to him, such election would be made accordingly.

In the circumstances of this case an election to take under the will will be presumed to have been made if anything remains for distribution after the payment of costs and the said legacy.

We have then two estates or conditions growing out of the will of said Joshua Measle, deceased:

1. One- half of his estate intestate property by reason of the lapsing of the devise to Mary Sprow; or if the devise to Mary Sprow did not lapse or become intestate property, it at least became subject to the equitable rule of election, and should be

applied as compensation to the disappointed donee, the American Bible Society.  *Bebout* v. *Quick, supra.*

2.   The other half of his estate testate property under an acceptance of the devise to Lewis Sprow, subject to the payment of the remainder of a gift of $10,000 to the American Bible Society, after any other property of the testator, subject to such payment shall have been applied thereon.

Having determined the *status* of the estate of said testator, it follows, in logical order:

Second.   That the court shall determine the disposition of the same.   Intestate property should first be applied to the payment of debts, costs and general legacies, and in the proper order of distribution of the funds in the hands of said administrator all costs should be first paid out of said estate.   One-half of the residue, being the intestate property of which the testator died seized, should be applied to the payment of the legacy due the American Bible Society, the same being a *general* legacy and not specific.   The residue of said legacy, with accrued interest from the date it became due and payable, should be paid out of the residue of the funds in the hands of plaintiff as such administrator, and then if any residue remains for distribution, it should be distributed to such of the next of kin and heirs at law of Lewis Sprow, deceased, as are entitled under the laws of Nebraska, for the descent of real estate, to receive the same.

A decree may be entered in conformity with the views expressed in this opinion, and the case will be remanded to the court of common pleas to carry the same into execution.

**Shields,** and **Houck, JJ.,** concur.