Day, J.
 

 The journal entry of the Court of Appeals in this case recites: ‘ ‘ The judgment of the said
 
 *359
 
 court of common pleas is reversed, for error in the exclusion of evidence; no other error appearing in the record, and this cause is remanded to said court of common pleas for further proceedings.”
 

 The evidence excluded related to the attempt of the plaintiffs below to show the fact of other fires having occurred in this wooden chute or dumb waiter, of which fact the plaintiffs claimed the defendants hadi knowledge.
 

 It is to be noted that it was the creation and maintenance of a fire hazard in this building, in violation of the ordinances of the city of Cleveland, after a direction by the city officials to discontinue such hazard, that was the chief element of the claimed negligence upon which the action was brought; so that proof of knowledge of a dangerous condition likely to cause a fire, and the continuance of such hazard after knowledge thereof, was an important part of the plaintiffs’ case — not to prove actionable negligence upon the part of the owners at the time of the fire, but for the purpose of proving the existence of a fire hazard, the knowledge on the part of such owners of the existence of the same, and their violation of the city ordinances after the notification by the public authorities to discontinue such use of the shaft in question.
 

 “The violation of a municipal ordinance passed in the proper exercise of the police power in the interest of the public safety, and not in conflict with general laws, is negligence per
 
 se.” Schell
 
 v.
 
 Du Bois,
 
 Admr., 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710.
 

 As bearing upon the question of proof of knowledge of a defective or dangerous condition, as a re-
 
 *360
 
 suit of which injury is received by another, the following may be cited: “In an action by an employee against his employer for damages resulting from an injury received in operating a machine, caused by its defective construction, the defect being charged to the negligence of the employer, it is competent to prove that, on a former occasion, while it was being operated by another, the machine worked in a manner similar to when the plaintiff was injured. But such evidence is only competent to prove the defective-character of the machine and the employer’s knowledge of the fact; it is not competent to prove actionable negligence on the part of the employer at the time the plaintiff was injured; and the jury should be so instructed at the time it is received.”
 
 Brewing Co.
 
 v.
 
 Bauer,
 
 50 Ohio St., 560, 35 N. E., 55, 40 Am. St. Rep., 686. See, also,
 
 Carpenter
 
 v.
 
 Laswell,
 
 23 Ky. Law Rep., 686, 63 S. W., 609;
 
 Chicago Mill & Lumber Co.
 
 v.
 
 Ross,
 
 99 Ark., 597, 139 S. W., 632, both fire loss cases;
 
 City of Chicago
 
 v.
 
 Jarvis,
 
 226 Ill., 614, 80 N. E., 1079, a sidewalk case.
 

 In actions for damages for fires caused by railroads, such testimony is quite generally admitted. 11 Ruling Case Law, 996, par. 47; 33 Cyc., 1371. “Evidence of knowledge of a defect or danger on the part of the person sought to be charged with negligence is admissible as bearing on his exercise of due care. ’ ’ 45 Corpus Juris, page 1244, par. 807. See, also, page 1246, par. 811, and page 1248, par. 813.
 

 It is claimed by plaintiffs in error, defendants below, that conditions were not the same as when previous fires were claimed to have occurred; but we think there is sufficient similarity, and that the gen
 
 *361
 
 eral static conditions were such as to bring tbe case within the rule of
 
 Brewing Co.
 
 v. Bauer, above cited.
 
 Suggestion is
 
 made that there was no request to limit this testimony. Inasmuch as the testimony was not admitted, no request for its limitation was necessary.
 

 Entertaining the view that this testimony of previous fires was competent as bearing upon the question of knowledge of the owners of the fire hazard created and allowed to exist through the action of their servants and agents, we reach the conclusion that the Court of Appeals was right in reversing the judgment of the court of common pleas for exclusion of such evidence, and its judgment in so doing is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Jones and Allen, JJ., concur.