COTTMAN, APPELLEE, *v.* THE FEDERMAN CO., APPELLANT.

(No. 3531—Decided December 28, 1942.)

*Messrs. Benner & McGowan,* for appellee.
*Messrs. Beery, Underwood, Ryder & Kroeger,* for appellant.

DOYLE, P. J. This action was brought by the appellee, Dorothy Cottman, to recover damages for personal injuries claimed to have been the proximate result of the appellant's negligence in maintaining an unsafe stairway in its department store. The cause was tried to a jury in the Court of Common Pleas and a verdict was returned in favor of the injured person. Upon the entry of judgment thereon appeal was prosecuted to this court by the defendant company on questions of law.

The following specifications of negligence were plead, and were submitted to the jury:

"1. In permitting the brass nosing which was nailed to the outer edge of the first step to become loose and worn, so that said brass nosing as well as the nails fastening the same protruded above the surface of the step.

"2. In failing and neglecting to warn the plaintiff of the dangerous and unsafe condition of the said stairway, as herein set forth.

"3. In failing and neglecting to regularly inspect the condition of said steps and to keep the same in a proper state of repair so that the same would be reasonably safe for the use of the defendant's customers, and particularly this plaintiff."

The evidence tends to prove that the plaintiff (appellee) entered the department store of the defendant and purchased a household article; she thereupon left the store, and, while proceeding to her parked automobile, remembered that she had not obtained change

after payment for the article; she returned to the store, proceeded to the fourth floor, obtained her change from the cashier, and, while starting down a flight of steps to a floor below, at which place she intended to ride the elevator, the heel of her shoe caught on a metal strip nailed to the front edge of the step and was torn from the welt, and she was thrown down the stairs and injured. The metal strip covered the front of a rubberized material used as a covering for the step and was approximately 1½ inches in width.

That the plaintiff was an invitee at the time of the accident is without doubt. The case must therefore be reviewed on that theory.

The first subject of inquiry will be the claim that "the court erred in admitting evidence of previous accidents on this stairway."

The weight of authority supports the rule which permits evidence of former accidents at a place, to show the dangerous character of the place, provided the relevancy of such evidence appears from the occurrence of the former accidents under substantially similar circumstances and the instrument or agency which caused the danger was in substantially the same condition at the time such other accidents occurred as at the time of the accident of which complaint is made, and is not destroyed by their being so remote as to defeat the inference of persistence of the dangerous condition to the time of subsequent injury; and provided further that there will not result, from the admission of such evidence, confusion of issues, unfair surprise, or prejudice disproportionate to the value of such evidence. 128 A. L. R., 599, annotation (III), citing Ohio cases at p. 601; 20 American Jurisprudence, Evidence, Section 304.

Such evidence is not competent for the purpose of showing independent acts of negligence, but for the

limited purpose of showing that the unsafe thing or condition causing the particular accident was the condition or cause common to such independent accidents, and that the frequency of such accidents tends to show knowledge of such condition. 17 Ohio Jurisprudence, Evidence, Section 183.

And it is well recognized that when evidence is admitted which is competent for one purpose and not for another it is the duty of the court, if attention is drawn to it, to state to the jury the purpose for which the evidence is admitted. *Brewing Co.* v. *Bauer,* 50 Ohio St., 560, 35 N. E., 55; *Village of Lebanon* v. *Schwartz,* 4 Ohio App., 173.

Given the legal pattern, do the facts in the instant case come within it?

The plaintiff testified that her heel caught on a metal strip or nose nailed to the front edge of the top step. One Alice Sirk testified, over the objection of the defendant, that she fell on the same stairway approximately thirteen months prior to the plaintiff's fall, and that her fall was caused by catching her heel on the metal nosing of the third or fourth step from the top of the stairs. Another lady, Janice McClelland, testified that she fell on the same stairs approximately fifteen months prior to the time of the accident in question, and that her fall was caused by her heel catching on the metal nosing nailed on the front part of the fourth step from the top.

From the testimony of the witnesses and the reasonable inferences to be drawn therefrom, it is reasonable to reach the conclusion that the general type of construction existed at the time of the previous accidents on the steps there in question as existed on the first step of the same stairway at the time of the accident which forms the basis of the instant litigation.

As heretofore stated, one of the charges against the

defendant was that it permitted "the brass nosing which was nailed to the outer edge of the first step to became loose and worn, so that said brass nosing as well as the nails fastening the same protruded above the surface of the step." Under such a specification, evidence of similar accidents is admissible on the theory that it is within the province of a jury to draw the inference that from specific instances of observed effects there may be a tendency or capacity of producing such accidents due to the type of construction and to wear and tear. When a thing's capacity or tendency to produce an effect of a given sort is to be evidenced by instances of the same effect found attending the same thing elsewhere, these other instances have probative value and are relevant to show tendency or capacity, but only if the conditions or circumstances in the other instances are similar to those in the case at issue. The similarity required is, however, only "a similarity in essential circumstances, or, as it is usually expressed, a *substantial similarity, i. e.*, a similarity in *such circumstances or conditions as might supposedly affect the result in question.*" II Wigmore on Evidence (3d Ed.), Section 441 *et seq.*.

Under the state of the record it is our judgment that the evidence was competent for the limited purpose stated heretofore.

The Supreme Court of Ohio, in treating the general subject of admissibility of evidence of this character, limits it to occurrences "under substantially the same conditions as those involved in the action," not for the purpose of showing negligence, but for the purpose of showing knowledge on the part of the owner of the condition and as tending to show that the common cause of the damages was due to a dangerous condition. *Jaffe* v. *Powell,* 121 Ohio St., 355, 169 N. E., 31.

The rules pronounced by Professor Wigmore, *supra,*

and the Supreme Court of Ohio are identical.

It is further charged that the trial court erroneously failed to limit the purpose for which the evidence of previous accidents was permitted.

At the time of the introduction of the evidence in question, the record only speaks an objection and exception by counsel for the defendant, and no specific request to limit its application. Prior to the court's general charge, however, there was given to the jury several propositions of law in the words and phrases requested by the defendant. One of them was as follows:

"7. The Court says to you that you cannot consider any previous accidents at the Federman Company in determining whether that company was negligent in any one or more of the respects alleged in this petition."

Later, during the court's general charge, appears the following colloquy and pronouncement of law:

"Mr. Kroeger (for the defendant): I believe we are entitled to the further instruction to this jury on the admission of certain evidence of other accidents that was admitted here, and the purpose for which it was admitted.
"* * *

"The Court: If you want me to charge on that I will do it. I have said to you with respect to other accidents having occurred, as to how they may not be considered; the only other way they can be considered at all * * * is upon the question of whether or not the store management had knowledge or should have had knowledge, of any condition of the stairway that might have been dangerous, and that is the only purpose for which this could be considered. Does that follow your suggestion?

``* * *

"Mr. Kroeger: General exception to the charge and to each and every part of the charge."

From the foregoing recital it appears that no request was made to limit the application of the evidence until after the close of all of the evidence, at which time the court charged the jury in the language quoted *supra*. Under this record did error intervene?

A comparison of the court's charge with the general principles of law hereinbefore set out shows a substantial compliance in all respects with the principles of law there pronounced. There was no error in this respect of which defendant can complain.

Was the charge timely? On this question reference has been made to one of the paragraphs of the syllabus in *Brewing Co.* v. *Bauer*, 50 Ohio St., 560, 35 N. E., 55. It is—

"2. In an action by an employee against his employer for damages resulting from an injury received in operating a machine, caused by its defective construction, the defect being charged to the negligence of the employer, it is competent to prove that, on a former occasion, while it was being operated by another, the machine worked in a manner similar to when the plaintiff was injured. But such evidence is only competent to prove the defective character of the machine and the employer's knowledge of the fact; it is not competent to prove actionable negligence on the part of the employer at the time the plaintiff was injured; *and the jury should be so instructed at the time it is received*." (Italics ours.)

It is interesting to note that in the *Bauer case* the trial court actually limited the purpose of the evidence at the time it was received, and therefore any delinquency of the judge in respect to his failure to so charge was not before the Supreme Court, and the

italicized words in the syllabus should not and cannot be construed to mean that a failure to limit the evidence at the time it is received, in the absence of a request under circumstances as shown in the record, constitutes error.

While the members of this court are of the opinion that it is better practice to limit the evidence at the time it is received, with or without a request, the failure to do so does not constitute prejudicial error if, after request, the court properly limits it in its general charge. This the trial judge did in the instant case, and his conduct cannot be successfully challenged.

See 39 Ohio Jurisprudence, Trial, Section 55 *et seq.*, and notes.

Complaint is further made of the fact that the court did not limit the purpose of testimony elicited by the plaintiff on the cross-examination of the defendant's maintenance employee.

At the time of the plaintiff's fall, only the top step had a covering and metal strip attached. At the time of the previous accidents, all of the steps were so constructed.

Under cross-examination the defendant's employee stated that he put the rubber tread and metal strip on the stairway approximately 20 years before, and that it had never been changed until at a time prior to the accident in question, when he, upon orders from his superior, removed the tread and metal nose from all of the steps except the top one.

This cross-examination was allowed over the general objection of the defendant. Error is claimed by the defendant with the following statement:

"Had the court, upon admitting the testimony of prior changes, limited its purpose to testing the knowledge of the witnesses concerning the stairway or as

affecting their credibility, then there could be no quarrel as to the admission of such evidence. However, no effort was made by the court at any time to so limit the testimony. It is not proper to admit evidence of repairs, etc., though it is offered for some competent purpose, without limiting it to that purpose.''

The record speaks of no request or suggestion made at any time to limit the jury's consideration of this testimony. Nothing on this subject was called to the court's attention.

The maintenance employee was called as a witness by the defendant. He testified on direct examination that the step in question on the day of the accident, was "in perfect condition." On cross-examination he stated that he had installed the step covering and metal strip 20 years before, and that, when he removed the covering from all of the steps except the first, they were as good as when put on.

The cross-examination was proper under the circumstances of this case, not only to test the credibility of the witness but also to explain the changed condition of the stairway between the two former accidents and the last accident. If on such cross-examination the witness should state facts which would limit or discredit his statement in chief, the plaintiff should have the benefit of such statements and all legitimate inferences to be drawn therefrom.

The members of this court are not unanimously of the opinion that the record under discussion depicts a situation in which the general rule governing "repairs," as that term is used in the law of evidence, is applicable. No alterations were made after the last accident. The evidence shows that the covering and metal strip were removed from all of the steps except the first one before the last accident. The evidence

shows an alteration was made, not necessarily a "repair."

Assuming, however, for the purpose of argument, that the rule of "repairs" governs, the objection to the evidence was general, and, the testimony being admissible for one purpose, it was not error for the court to admit it. *Village of Lebanon* v. *Schwartz,* 4 Ohio App., 173.

The trial court was not requested to limit the scope of the evidence, and under such circumstances the failure to give an instruction so limiting it is not a ground for reversal. *Agler* v. *Schine Theatrical Co., Inc.,* 59 Ohio App., 68, at p. 70, 17 N. E. (2d), 118.

It is further claimed that the court erred in overruling the motion for a new trial because of the disqualification of one of the jurors.

It appears that one of the jurors, Wilbur C. Reed, was 80 years of age and had been declared incompetent by the Probate Court several years before. The Probate Court's entry of August 11, 1939, reads: "The court further finds from the evidence that said Wilbur C. Reed is an incompetent person, and by reason of advanced age, mental and physical disability and infirmity is incapable of caring for his person and estate, and that it is necessary to appoint a guardian for his person and property." Affidavits, in addition to the court's entry, were offered on the motion for a new trial, which affidavits stated that the juror's condition was the same on the day of the trial as it was at the time he was determined to be an incompetent person.

Section 11419-9, General Code, instructs the jury commissioners of the county to compile a list of names of "judicious and discreet persons having the qualifications of electors" of the county to serve as jurors. For aught that appears this juror was examined and

selected by such commissioners as one possessing the necessary qualifications. The juror on the day of trial was called into the courtroom and examined on *voir dire* by counsel representing each side. The record shows no questions propounded which would disclose any of the now-claimed disqualifications.

In a number of cases in this state the courts have pronounced the general rule to be that if one, not having the qualifications of a juror, is retained upon the panel, without the knowledge of the party or his counsel and after reasonable diligence used to ascertain the fact when the jury is impaneled, a new trial should be granted. Conversely, it is stated that ''it is equally clear that the proper time to take the objection is at the impaneling of the jury; and it must be taken to have been waived, unless the party is able to show to the court, upon the hearing of the motion, that with the exercise of such diligence he could not have taken the exception at the proper time.'' *Eastman* v. *Wight,* 4 Ohio St., 157, and at p. 161. And see *Hayward* v. *Calhoun,* 2 Ohio St., 164; *Kenrick* v. *Reppard,* 23 Ohio St., 333; *Watts* v. *Ruth,* 30 Ohio St., 32; *Conrad* v. *Kerby,* 66 Ohio App., 359, 31 N. E. (2d), 168.

Among the various reasons given for the rule are to prevent constant mistrials and to protect the rights of the adverse party.

None of the cases examined, however, deal with the claimed incapacity presented in the case at bar.

The statutes of Ohio give the Probate Court authority to appoint a guardian for the person, or of the estate, or of both, of a ''minor, incompetent * * *, habitual drunkard, idiot, imbecile or lunatic * * *,'' etc. Section 10507-2, General Code. The term incompetent is defined by Section 10507-1 as one ''who by reason of advanced age, improvidence, or mental or physical disability or infirmity, is incapable of taking

proper care of himself or of his property or neglects or fails to provide for his family or for other persons for whom he is charged by law to provide.''

We are not called upon in this case to determine the question of an idiot or insane person acting as a juror. This is a case of one who, because of advanced age and an accompanying ''mental and physical disability,'' is incapable of caring for his person and estate.

We hold that under such circumstances the rules heretofore pronounced apply, and that, counsel not having exercised proper diligence on the *voir dire* examination, have waived the disqualification, if such it is, of which complaint is made.

In this connection, see, also, *Potts* v. *First-Central Trust Co., Exr.,* 37 Ohio Law Abs., 382, decided by this court on November 14, 1940.

Complaint is further made. of a quotient verdict. The proof consists of a slip of paper found in the jury room upon which figures are added together and divided by 12, and the affidavit of one of the jurors who deposed that the jury agreed to be bound by the resulting quotient.

The Supreme Court of this state has announced the rule to be that ''Ballots and papers containing figures and computations of jurors, retrieved from the jury room, do not constitute evidence *aliunde* sufficient to form the basis for the admission of affidavits of jurors to impeach their own verdict.'' *Lund* v. *Kline,* 133 Ohio St., 317, 13 N. E. (2d), 575.

There must be evidence *aliunde*, before such affidavits are admissible, which proves a prior agreement by the jurors to be bound by the quotient figure.

There is no proof of such an agreement in the record of this case except by the incompetent affidavit of the juror, and therefore this claimed error must fail.

The evidence on the issues of negligence, contribu-

tory negligence and proximate cause is such that reasonable minds can properly reach different conclusions. Likewise, the judgment is not manifestly against the weight of the evidence. *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246.

Other claimed errors have been examined, and, without further discussion, we conclude that there is no error of a prejudicial nature in this record which justifies a reversal.

The judgment is therefore affirmed.

*Judgment affirmed.*

STEVENS and WASHBURN, JJ., concur.