COYLE, Plaintiff-Appellant, v. BERYL'S MOTOR HOTEL, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25259. Decided January 6, 1961.

*Messrs. Spangenberg, Hasenflue & Shibley* and *Mr. Norman W. Shibley,* for plaintiff-appellant.

*Messrs. Johnson, Weston, Blackmore, Cory & Hurd, Mr. Frank Seth Hurd* and *Mr. S. Burns Weston,* for defendant-appellee.

(DOYLE, P. J., HUNSICKER, J., of the Ninth District, RADCLIFF, J., of the Fourth District, sitting by designation in the Eighth District.)

494

For further history see *Omnibus Index* in bound volume.

RADCLIFF, J. This appeal is from the judgment entered upon the verdict of a jury directed by the trial judge at the conclusion of the plaintiff's case. The facts are relatively simple. The appellant, Dorothy Coyle, a resident of Pittsburgh, Pennsylvania, was engaged in a marketing research program for the East Ohio Gas Co. On June 11, 1956, she registered at Beryl's Motor Hotel, a modern luxury motel, located in the city of Cleveland. In the room assigned to Mrs. Coyle, there was a combination tub and shower bath. On the evening of June 11, Mrs. Coyle availed herself of the use of the bath and took a tub bath as did her roommate and co-worker, Agnes O'Conner. On June 12, after concluding her work in the evening, Mrs. Coyle again availed herself of the bath, this time taking a shower. As she was concluding her bath she reached over to turn off the water, slipped and fell, striking her left arm on the edge of the tub. There were some intervening personal matters that prevented Mrs. Coyle from seeing a physician until the 13th of June in Pittsburgh. She reported the incident on the morning of the 13th to the manager of the motel as she was leaving. Examination in Pittsburgh disclosed a broken wrist. There is no question as to the grieviousness of the injury or the fact that the appellant accumulated substantial medical and hospital bills.

Suit was filed in the Common Pleas Court of Cuyahoga County alleging negligence on the part of the appellee herein in four particulars:

1. Failing to provide a bath or tub mat.

2. In failing to provide suitable racks to aid and assist defendant's guests.

3. In failing to provide a tub with safety construction on its bottom.

4. In failing to warn plaintiff that its tub was extremely slick and hazardous and likely to cause injury to persons using it.

The appellee's answer admitted its corporate existence and that Mrs. Coyle was a guest in the establishment on June 12, 1956, and for want of knowledge denied the fall and the damage. The answer expressly denied negligence on its part; asserted that the fall was proximately caused by the appellant's failure to exercise ordinary care and also urged that appellant assumed any risk by virtue of her knowledge as to the condition of the tub and shower. The appellant presented interrogatories and appellee submitted answers thereto. In Mrs. Coyle's reply she denied that she failed to exercise ordinary care, denied she assumed the risk and denied any negligence at all on her part. The case was tried to a jury and at the conclusion of the plaintiff's case, the trial judge withdrew a juror and directed a verdict for the appellee based upon the premise that there was no showing of any negligence on the part of the appellee. From this judgment and entry overruling the motion for a new trial, this appeal was perfected.

There are two assignments of error:

1. The Court erred in excluding testimony by defendant's manager as to prior similar accidents.

2. The trial court erred in withdrawing a juror at the close of plaintiff's testimony and in directing a verdict for the defendant.

The first assignment of error was predicated upon the answer given by appellee to one of the interrogatories submitted by the appellant. The question asked of the resident manager of the appellee was if others had slipped and fallen in bath tubs in the motor hotel. The answer—yes. The same question was asked of the appellee's managing director when he was called for cross-examination by the appellant, an objection was made to the question, the objection was sustained, then the appellant proffered the answer "that there had been complaints of prior falls." This question has been a vexing one for courts down through the years but the law seems to be at least fairly well settled and is best expressed in the case of *Cottman* v. *Fedderman Co.*, 71 Ohio App., 89. The second syllabus reads as follows:

"2. Evidence of former accidents is not competent for the purpose of showing independent acts of negligence but for the

limited purpose of tending to show that the common cause of the damages was due to a dangerous condition and that the owner of the premises had knowledge of the condition.''

The appellant occupied room No. 101 in appellee's motor hotel. There was no showing that any of the complaints of those who had slipped or fallen on prior occasions had occupied room No. 101 or used the same tub in which the appellee experienced her unfortunate fall. It seems apparent to us that there was no showing that there was a continuing dangerous condition existing at the same place. We feel that the trial judge properly sustained the objection to this question. The authorities cited in *Cottman v. Fedderman Co., supra,* apply to the question here before us. The first assignment of error is not well taken.

The second assignment of error brings the bath tub problem directly before us in all its ramifications and implications. The specifications of negligence in the appellant's petition aver that it is negligence for an innkeeper to fail to provide a mat for the tub, that it is negligence to fail to provide more than two hand rails or racks, that it is negligence not to have ripple bottomed tubs, and that it is also negligence to fail to warn a guest that its tubs are slick and hazardous. If the failure to do any of the above positive acts on the part of the innkeeper are negligence, then the trial court obviously was wrong when he failed to submit the question to the jury. The converse is equally true.

The dearth of cases on the question of falling in showers or tubs is astounding. There is almost a paucity of precedent. The scarcity of adjudicated cases indicates to us that the trend in the law is against the theory seeking to hold an innkeeper responsible who provides paying guests with a place to bathe. It also indicates that no penalty is to be invoked against an innkeeper who provides the facilities for guests to achieve the second highest virtue in our moral scale, namely cleanliness.

The appellant, in brief and argument, makes a great deal of the fact that the appellee maintained a deluxe establishment located in the "gold coast" of the city of Cleveland and therefore owed a greater duty to its guest than would a less expensive or less well located motor hotel. This argument does not

appeal to our conception of the law of negligence. Liability must never be predicated upon economic standards or geography.

We all realize that a baked enamel surface on a steel or cast iron foundation which is covered with running water and possibly soap is a surface that has limited traction and makes slipping an ever present possibility. This fact is known to every person who has ever taken a bath. The use of a rubber bath mat is not always the best precaution, for the mat itself may slip or cause the bather to slip or trip. It too often gives a feeling of false security.

Two racks or hand holds seem to be adequate in view of the anatomy of the human of today.

The so-called ripple-bottomed or safety bottomed tub seems to us a doubtful safeguard. The ripples are of the same smooth enamel as the rest of the tub and they are not of sufficient depth or width to change the slippery character of this substance when it is wet. Requiring an innkeeper to provide a fixture of doubtful safety qualities would not solve the question of liability on his part or add to the protection of his guests.

The defenses of assumption of risk and contributory negligence have been injected into this case. We feel that neither of them apply. Before one may assume the risk, the activity engaged in must be apparently and generally recognized as dangerous. It might be helpful, particularly to parents of little boys, to declare bathing to be a dangerous task; by so doing, a hated chore would be surrounded with an aura of adventure, so fraught with danger that you could not keep men under 10 years of age, out of bath tubs. We feel this is neither practical nor the law. Contributory negligence is available as a defense only after a showing of negligence on the part of a defendant. Our conclusion is that there has been no negligence alleged or proved on the part of the appellee herein, consequently contributory negligence is proscribed as a defense.

We feel that the innkeeper, the appellee in this case, has met the requirement of the law to use ordinary care for the protection of its guests and that the trial court properly directed the verdict appealed from. In support of our conclusion

498

we wish to cite: *Cunningham* v. *Marable*, 76 N. E. (2d), 739; *Miller* v. *Shull*, 48 So. (2d), 521; 18 A. L. R. (2d), 976, 982; 50 A. L. R. (2d), 1080; 29 Ohio Jurisprudence (2d), 494, Section 20, 29 Am. Jur., 60, Section 73.

The judgment appealed from is hereby affirmed.

Judgment affirmed.

DOYLE, P. J., and HUNSICKER, J., concur.