Lundberg Stratton, J.,
concurring.
{¶ 12} I agree with the majority that a litigant may use the Public Records Act to request public records related to a pending civil lawsuit after the expiration of the discovery deadline in that lawsuit. Nevertheless, I am writing because I want to make clear that despite our decision, it is still the trial court that determines the admissibility of any records so acquired.
{¶ 13} Trial courts have discretion to admit or exclude evidence. State v. Sage (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. More specifically, trial courts have discretion to impose sanctions for discovery violations, one of which could be exclusion of that evidence. Civ.R. 37(B)(2)(b); see, also, Toney v. Berkemer (1983), 6 Ohio St.3d 455, 458, 6 OBR 496, 453 N.E.2d 700. Even independent of the rules of discovery, trial courts have long had authority on an “evidentiary basis” to exclude otherwise relevant evidence to prevent undue prejudice. See Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248, fn. 2, citing Cottman v. Federman Co. (1942), 71 Ohio App. 89, 91, 25 O.O. 435, 47 N.E.2d 1009.
{¶ 14} Therefore, even though a party may effectively circumvent a discovery deadline by acquiring a document through a public records request, it is the trial court that ultimately determines whether those records will be admitted in the pending litigation.
Moyer, C.J., and Lazarus, J., concur in the foregoing concurring opinion.
*664 Barry M. Byron, Stephen L. Byron, and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.
Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Diane Richards Brey, Deputy Solicitor, urging reversal for amicus curiae Attorney General of Ohio.