[Cite as *Wimberly v. Quaker Square Inn*, 2009-Ohio-7168.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MONICA D. WIMBERLY

    Plaintiff

    v.

QUAKER SQUARE INN

    Defendant

    Case No. 2009-06249-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} On May 16, 2009, at approximately 6:00 p.m., plaintiff, Monica D. Wimberly, was injured when she slipped and fell in a bathtub in Room #406 at the Quaker Square Inn, a facility owned and operated by defendant, University of Akron. Plaintiff recalled the injury incident occurred while she was preparing for a shower as she stepped into the bathtub in Room #406 after turning the water on in the bathtub shower. Plaintiff pointed out the bathtub surface become slippery from water contact only and her feet began to "slip (and) slide" as she stepped upon the tub surface. Plaintiff related she tried to steady herself in the bathtub, but was unable to stop herself from falling "out of the tub onto the bathroom floor." After her fall plaintiff was transported to the Akron General Medical Center where she received treatment. Plaintiff has implied the injury she suffered from her slip and fall was proximately caused by negligence on the part of defendant in maintaining a hazardous condition at the Quaker Square Inn. Consequently, plaintiff filed this complaint seeking to recover $1,125.00, the medical care expenses she stated she incurred as a result of her slip and fall incident. Plaintiff acknowledged she has insurance coverage for medical care,

but did not indicate she received any reimbursement from her insurer for treatment expenses.[1]  The filing fee was paid.

**{¶ 2}**  Defendant explained Quaker Square Inn staff first learned of plaintiff's incident when she called an on duty employee at the front desk requesting a bath mat and stating she had fallen in the tub in Room #406.  According to the Quaker Square Inn Shift Activity Report (copy submitted), a bath mat was located and delivered to Room #406 at sometime after 6:30 p.m. on May 16, 2009.  Subsequently, it was noted in the Shift Activity Report that the front desk received a call requesting medical attention for plaintiff.  Paramedics were summoned, arrived at the inn at 7:50 p.m., and were escorted to plaintiff's room (according to information recorded in the Shift Activity Report).  Defendant's records also indicate University of Akron Police Department personnel were also requested at the site.  Apparently plaintiff was transported to Akron General Medical Center by paramedics at sometime after 7:50 p.m. on May 16, 2009.

**{¶ 3}**  A "Property Incident Report" (copy submitted) was compiled by Quaker Square Inn staff which contained written statements from both plaintiff and her daughter, April Dillard, who provided assistance after the slip and fall event.  Plaintiff offered the following description of her slip and fall incident in the bathroom of Room #406:  "turning the shower on I took a step into the tub, immediately the slippery tub caused me to fall out of the tub onto the bathroom floor landing on my back."  Plaintiff recorded her injuries consisted of a head and back ache as well as bruises on her shoulder, elbows, and back.  April Dillard reported she found plaintiff on the bathroom floor of Room #406 and assisted her into bed.  Dillard further reported she then called the front desk at the Quaker Square Inn and requested medical attention for plaintiff.  Dillard noted ambulance service personnel subsequently arrived at Room #406 and transported plaintiff to a nearby medical facility for treatment.

---

[1] R.C. 2743.02(D) states:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant.  This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code.  The collateral benefits provisions of division (B)(2) of that section apply under those circumstances."

R.C. 3345.40(B)(2) states in pertinent part:

"If a plaintiff receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of benefits shall be deducted from any award against the state university or college recovered by the plaintiff."

{¶ 4} Defendant submitted an affidavit from Jeffrey M. Lynch, the General Manager of the Quaker Square Inn, who reported "[t]here is no record of either [p]laintiff or her daughter (April Dillard) being guests of the Quaker Square Inn on or about May 16, 2009." Lynch explained "Room Numbers 405 and 406 at the Quaker Square Inn were reserved in the name of and paid for by Sparkle Henry." Lynch observed he has been employed at the Quaker Square Inn "for the past two years" and he is personally unaware of any incidents (other than plaintiff's incident) of guests falling in slippery bathtubs or complaints referencing slippery tub conditions. Lynch asserted every room at the Quaker Square Inn is inspected daily by staff "for cleanliness and safety." Also, Lynch reported "the Quaker Square Inn is subject to inspection by state and local authorities and has never been found to be in violation of any cleanliness, health or safety rules."

{¶ 5} Defendant denied liability in this matter based on the contention that under the facts presented no duty of care was owed to plaintiff to protect her from damages presented by an open and obvious condition. Defendant provided the following argument:

{¶ 6} "Assuming that Plaintiff was lawfully staying as a guest of the University's Quaker Square Inn on or about May 16, 2009 when she alleged attempted to take a shower, common sense should have dictated to Plaintiff that stepping into a shower with running water is necessarily slippery and as such, potentially dangerous. For this reason, any danger posed to Plaintiff in this situation would have been open and obvious. Therefore, University owed Plaintiff no duty of care. (*Armstrong v. Best Buy Co., Inc.* (2003), 99 Ohio St. 3d 79; *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45) Since University owed Plaintiff no duty of care, it cannot be liable for any injuries and damages she allegedly sustained."

{¶ 7} Alternatively, defendant argued that if it was determined the University of Akron did owe plaintiff a duty of care in regard to the issue of premises liability, plaintiff has failed to produce any evidence to establish any duty of care owed to her was breached. Essentially, defendant contended plaintiff has failed to prove the University of Akron failed to maintain the premises at the Quaker Square Inn in a reasonably safe condition or warn her of any hidden defects. *Armstrong*.

{¶ 8} The possessor of a premises, including hotel operations, owes a duty to

its invitees, or hotel guests, to exercise ordinary care for their safety. This duty includes maintaining the premises in a reasonably safe condition and warning the invitees of latent defects of which the hotel has or should have knowledge. See *Keister v. Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 3 OBR 20, 443 N.E. 2d 532. However, the hotel does not have to protect invitees from open and obvious dangers that invitees may be reasonably expected to discover. *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St. 3d 45, 18 OBR 267, 480 N.E. 2d 474*, 475; Gillentine v. Econo Lodge/Beavercreek,* (July 2, 1998), Greene App. No. 97 CA 136, unreported (slip and fall in hotel shower); *Churchwell v. Red Roof Inns, Inc.,* (Mar. 24, 1998), Franklin App. No. 97APE08-1125, unreported (slip and fall in hotel shower).

{¶ 9} An owner of a premises has no duty to warn invitees entering the property of an open and obvious danger existing on the property. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St. 3d 642, 1992-Ohio-42, 597 N.E. 2d 504. Applying the circumstances of the instant action and assuming the absence of applying certain safety devices in the bathtub in Room #406 created a condition that was dangerous, there is no duty on the part of defendant to warn a plaintiff of a condition which is open and obvious to anyone using ordinary diligence. "It is common knowledge that a bathtub surface becomes slippery when water and soap are applied." *Churchwell.* Considering the facts of the instant claim, it is common knowledge a bathtub surface would be slippery with the application of water only. The fact that wet bathtubs present a slippery surface is known to all bathers. *Coyle v. Beryl's Motor Hotel* (1961), 85 Ohio L. Abs. 492, 171 N.E. 2d 355. Plaintiff, in the present claim, was injured from an open and obvious condition and consequently, defendant had no duty to protect her from the condition presented. Therefore, plaintiff's claim is denied.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MONICA D. WIMBERLY

Plaintiff

v.

QUATER SQUARE INN

Defendant

Case No. 2009-06249-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Monica D. Wimberly
1080 Meadowbrook Street
Inkster, Michigan 48141

M. Celeste Cook
Associate Vice President and
Assistant General Counsel
302 Buchtel Mall
Akron, Ohio 44325-4706

RDK/laa
10/27
Filed 11/20/09
Sent to S.C. reporter 3/12/10