NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2213
_____

UNITED STATES OF AMERICA

v.

ERIC BOSH,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00042-012)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 30, 2019

Before: RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: October 23, 2019)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Eric Bosh violated the terms of his supervised release and was sentenced to 24 months in prison followed by 36 months of supervised release. He appeals his sentence. We will affirm.[1]

Bosh argues that his sentence is substantively unreasonable because the District Court did not take into account the entirety of the circumstances. The record reflects, however, that the District Court considered the circumstances, as it was required to do.[2] The court stated that the sentence was "sufficient but no greater than necessary to achieve the sentencing goals of rehabilitation, punishment and deterrence," and that it was "warranted in light of the serious and violent nature" of Bosh's supervised release violation—assaulting his girlfriend and her children.[3] The court ordered that Bosh attend a domestic abuse program in prison, if possible, saying that he "seem[ed] to trivialize" the assault.[4] It described the assault as "criminal conduct that caused harm and could have caused a lot greater harm."[5] Finally, the court said, "I do want to compliment you that you've been working, and that's good; and . . . there's certainly no record to show that you're [back on drugs]. So on those two points I encourage you."[6] These statements show that the District Court considered the entirety of the circumstances.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] 18 U.S.C. § 3583(e) (when imposing sentence after revocation of supervised release, court considers statutory factors including those set forth in 18 U.S.C. § 3553(a)(1)); *id.* § 3553(a)(1) (factors include defendant's history and characteristics).

[3] App. 173; *compare* 18 U.S.C. § 3553(a).

[4] App. 175.

[5] *Id.*

[6] *Id.*

Bosh's arguments do not change the picture. His assertions that the incident was "very unusual" (because Bosh had assaulted his girlfriend only once before, by pushing her) and that he was arrested without further violence do not show that the District Court failed to consider all the facts. In addition, the record amply supports the court's finding that Bosh trivialized the incident. Far from accepting responsibility, the only thing he accepted was that "something occurred" that was "blown out of proportion [by] all parties."[7] Finally, Bosh does not demonstrate that the sentence was unreasonable by arguing that he did not harm anyone with the knife he introduced into the situation, or by pointing out that the knife was used on him. Those facts actually show the serious and disturbing nature of the incident: the assault was so terrifying that a thirteen-year-old child found the strength to stab Bosh in the arm in order to protect herself and her family.

We review the substantive reasonableness of a sentence deferentially, asking only whether—given all the circumstances—the District Court abused its discretion.[8] To win on appeal, Bosh would need to show that "no reasonable sentencing court" would have imposed the same sentence for the same reasons the District Court stated.[9] He has not done so. Therefore, we will affirm.

---

[7] App. 170.

[8] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[9] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).