Matthias, J.
 

 In this proceeding two errors of: law are claimed to have been committed upon the trial of plaintiff’s suit in the court of common pleas of Trumbull county. The plaintiff there sought to recover damages from the village of Girard for personal injuries which she claimed resulted from a fall caused by a defective sidewalk in that village. The answer of the defendant made issue by general denial, and affirmatively charged
 
 *259
 
 that “any injury which this plaintiff might have-received was caused solely and proximately by her own negligence in not exercising any degree of care for her own safety or in exercising her faculties of sight.” The trial resulted in a verdict for the defendant, which was affirmed by the Court of Appeals.
 

 The village, in making its defense, called as a witness its safety director, who, by permission of court, testified over the objection of counsel for the plaintiff, as follows:
 

 “Q. What is the fact as to whether or not you have been in different cities, different towns you have been in places where there are greater difference of levels than this place? (Plaintiff objects.) Q. Have you had occasion to observe them? (Plaintiff objects; objection overruled; plaintiff excepts.) A. Why, I observed Warren, Niles, Youngstown, Girard, principally, particularly during the present year, because that has. been part of my duty to watch for those things.
 

 “Q. Now, what is the fact as to any different towns, there being places on sidewalks, generally, if you have observed them, with greater differences of levels than there is at this place? (Plaintiff objects; objection overruled; plaintiff excepts.) A. I have observed a great many.”
 

 This was error. The real question in issue was whether the village had been negligent in the maintenance of such sidewalk, and that issue could in ■no wise be affected by the fact that other municipalities had maintained sidewalks in a somewhat similar condition, which might or might not be negligence. Evidence offered by the plaintiff, tending
 
 *260
 
 to prove that similar conditions in other places had resulted in injury to pedestrians, would have been equally competent. The permission of such line of interrogation would raise collateral controversies not pertinent to the issues in the case.
 

 In this instance the prejudicial effect thereof becomes apparent when considered in connection with a portion of the charge of the court, which is the second error urged by counsel for plaintiff. It appears that after the court had instructed the jury, and stated that they were excused until the following morning, when they should take up the consideration of- the case, they were recalled, and the court gave further instruction upon the question of ordinary care, wherein he said:
 

 “As the municipality transacted business by officers elected for that purpose, it [ordinary care] is the ordinary care which similar officers exercise under the same or similar circumstances.”
 

 The trial court in the giving of this instruction evidently had in mind the testimony of the witness above- quoted, and thereby directed the attention of the jury to the condition of the sidewalks in the other municipalities named, and suggested to them that the care of the officers of those municipalities be adopted by the jury as a standard in determining the issue of negligence of the officers of the defendant municipality in the maintenance of the sidewalk in question, and the condition in which the evidence disclosed it to have been at the time of the alleged accident and injury.
 

 The standard is not the care that similar officers exercise under like circumstances and conditions, but it is rather that care which persons of
 
 *261
 
 reasonable and ordinary prudence exercise under like circumstances and conditions. The definition of ordinary care given by the court is not only in itself erroneous, but becomes particularly prejudicial in this case when coupled with the incompetent evidence referred to above, to which such instruction undoubtedly directed the attention of the jury, and which it undoubtedly emphasized. The admission of that evidence and the instruction given the jury affect the question of negligence of plaintiff as well ,as that of defendant. The conclusion is irresistible that, taken together, they constitute prejudicial error against the plaintiff, such as to require a reversal of the judgment.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Allen and Conn, JJ., concur.