## The Cleveland Ry. Co. v. Halterman.

*Negligence—Transferring street railway passenger injured by tripping on projecting rail—Failure to see rail not contributory negligence as matter of law—Recovery not defeated because line of vision unobstructed—Contributory negligence must be proximate cause of injury—Affirmative answers to special interrogatories not inconsistent with general verdict—Evidence—Testimony of reconstruction work after accident, prejudicial.*

1. Testimony of transferring street car passenger, that she did not see rail over which she stumbled, *held* not, in view of facts and circumstances, to show her negligent as matter of law.

2. If injury results to a person from stumbling over obstacle in place where he has right to walk, recovery is not denied simply because there was nothing to obstruct his vision.

3. To constitute "contributory negligence," it is necessary that act of negligence be proximate cause of injury.

4. In action for personal injury to transferring passenger, alighting from street car and tripping over rail, jury's affirmative answers to interrogatories, as to whether plaintiff could have seen rail if she had used her eyes, and whether she could have avoided fall by stepping over rail, *held* not repugnant to general verdict for her, since questions called only for affirmative answers.

5. In action for personal injury to transferring passenger alighting from street car and tripping over rail, jury's affirmative answer to interrogatory as to whether failure to see rail was proximate cause of fall *held* not repugnant to general verdict for her, since plaintiff would not have been precluded from recovery by failure to see rail.

6. In action for personal injury to transferring passenger alighting from street car and tripping over rail, repeated and continuous reference in evidence to subsequent reconstruction of passageway, which reduced projecting rails to level of new construction, not brought in issue by defendant's evidence, *held* reversible error.

(Decided October 25, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.
*Mr. Joseph B. Keenan,* for defendant in error.

SULLIVAN, J.   The defendant in error, Mary Halterman, commenced proceedings in the municipal court of Cleveland to recover a judgment against the plaintiff in error, the Cleveland Railway Company, awarding damages for personal injuries resulting to her on July 26, 1925, by tripping over a rail which rose above the general level of the ground from two to four inches, on what is known as the Payne Avenue Station Grounds, at which point the plaintiff below, a woman some 50 years of age, alighted from a street car of defendant company for the purpose of transferring from the Payne avenue line to the 105th street line, by virtue of a transfer, which, as a passenger, she had received from the street railway company.

The statement of claim alleges the maintenance of a nuisance, to-wit, the elevation of the rail above the level of the ground, negligence in its construction, and the nature of the ground surrounding it.   A judgment was rendered in favor of the plaintiff, and special findings of fact were also made.   Motions for a new trial and for judgment notwithstanding the verdict were made, both of which were overruled and exceptions taken.   The exception applying particularly to the judgment is that it was repugnant to the findings of fact.

The plaintiff in error asks for a final judgment, and the contention is made that the testimony of

plaintiff below prevents a recovery in law, on the ground that it imports such contributory negligence as would bar a recovery. The testimony relied upon to support this claim is an excerpt from plaintiff's testimony, and reads as follows:

"A. I was talking to Mrs. Dunn. She and I were just walking along, unconscious of anything, just walking along and talking, and, when I came to that place, I just went on the same as I had been walking before, my toe caught, and threw me forward, striking my both knees on the rail.

"Q. Now, did you see the rail in front of you before you fell?

"A. No; I didn't. I just walked along, and all of a sudden my toe caught and threw me."

We do not think that this testimony makes a case of contributory negligence in law, because it must be taken into consideration in connection with all the other facts and circumstances appearing in the record, and thus the jury could determine, under the instructions of the court, whether the plaintiff was defeated in her right to recover.

It is not the law in Ohio that if an injury results to a person in a case like the one at bar he cannot recover, simply because there was nothing to obstruct the line of vision, for, if it were, it would follow that a traveler would be required to keep his eyes on the ground. It has been held not to be contributory negligence, where a person, perfectly familiar with a defect in a sidewalk in front of her own residence, suffers an injury she could have escaped had she used her eyes at the proper time and place. The reason is that to hold otherwise would limit and restrict the faculty of seeing to

one spot, namely the defective one. A person is not bound to keep his eyes on the ground at all times, because to avoid many dangers it is necessary to take the eyes off the ground. Keeping the eyes on the ground might result in another injury which would have been prevented had the eyes been raised from the level of the ground.

To constitute contributory negligence, it is necessary that the act of negligence be the proximate cause of the injury. *Central Texas & N. W. Rd. Co.* v. *Hoard* (Tex. Civ. App.), 49 S. W., 142; *Gerlach* v. *Edelmeyer,* 47 N. Y. Super. Ct. (15 Jones & S.), 292, 296.

In *East Tennessee, V. & G. Ry. Co.* v. *Hull,* 88 Tenn., 33, 12 S. W., 419, we read in connection with these authorities the following from volume 2, Words and Phrases, First Series, p. 1544:

"Contributory negligence on the part of plaintiff is a bar to an action only when it approximately contributes to the infliction of the injury; and if the damage is not the necessary or ordinary or likely result of such contributory negligence, but is due to some wholly unlikely fact and unexpected event, which could not reasonably have been anticipated or regarded as likely to occur, such contributory negligence is too remote to be set up as a bar to an action."

Thus it became a question of fact instead of one of law whether there was a want of ordinary care on the part of the plaintiff, and whether that deficiency was the proximate cause of the injury. We think the court committed no prejudicial error in this respect.

In addition to the general verdict, the jury upon

request answered the following interrogatories in the affirmative:

"(1) Could the plaintiff, Mary Halterman, have seen the rail, switch or that part of the car tracks over which she claims to have stumbled, if she had used her eyes?

"(2) Did the plaintiff, Mary Halterman, fail to see the rail, switch or that part of the car tracks over which she claims to have stumbled, and was her failure to see the same one of the proximate causes of her fall?

"(3) Could the plaintiff, Mary Halterman, have avoided falling by simply stepping over said rail, switch, or part of car track which she claims to have stumbled over?"

From an examination of the questions submitted, we do not think that their answers were substantially repugnant to the general verdict. The answers to the first and third questions are obvious, and the questions could not have been answered other than in the affirmative, for they stated, as a condition to the answering, certain physical facts which inevitably led to an affirmative answer. In effect the questions and answers mean that if the plaintiff had seen the projecting rail and had stepped over it, she would not have overlooked it, and she would not have come in contact with it.

As to the second question, it embraces proximate cause, and inquires whether plaintiff's failure to see the rail was one of the proximate causes of her fall. We do not think that an affirmative answer to this question makes it repugnant or inconsistent with the general verdict, because under all the facts and circumstances in the case the plaintiff might have been in the exercise of ordinary care, and, if

she were, her recovery would not be defeated simply because she did not see the projecting rail. In other words, the plaintiff could recover without seeing the condition and location of the rail, if, under the state of the record, she was in the exercise of that degree of care which is required of her under all the circumstances of the case. This was a matter of fact which belonged to the jury, and they decided from the verdict that she was in the exercise of ordinary care, and we think that there is credible evidence in the record tending to show this conclusion. Therefore we are of the opinion that there is no prejudicial error in the record in this respect.

However, we think there is error of a prejudicial nature in the record, which compels a reversal of the judgment below and a remanding of the case for further trial. Subsequent to the date of the accident, substantial reconstruction of the passageway for transferring passengers from the Payne avenue line to the 105th street line was made, which resulted in reducing the projecting rails substantially to the level of the new construction, and this evidence of reconstruction, on numerous occasions, was submitted under objection and exception to the jury. It is claimed that the photograph offered in evidence by the railway company was the basis of the examination as to the change in the situation, but, from a reading of the record, it is apparent that the matters of evidence under consideration did not issue from the introduction of the photograph, but were original and substantive interrogatories, that bore directly upon the reconstruction, without any basis for the charge that the door was opened for such evidence by the conduct of the defendant in submitting the photograph as an exhibit

to the jury. A mere examination of those questions we think makes our position upon this point decisive, for the questions and the answers are not directed toward the situation as shown by the photograph, but directly applied to the physical change on the property known as the street railway station.

The repetition of the inquiry relating to the physical changes of the property bears inescapably upon the question whether the rights of the defendant were prejudiced by the admission of this character of testimony, which has always been declared to be incompetent, immaterial, and irrelevant, on the ground of public policy. If there had been but a slight reference to the change, it might be that we could say that substantial justice was done, but, because of the repeated and continuous reference to the reconstruction, it seems clear that to say that the defendant was not prejudiced in its substantial rights would be doing violence to the obvious facts. The admission of this testimony is the only substantial error we find throughout the record, but we are unanimously of the opinion that this error is so prejudicial that it cannot be said that substantial justice was done. On the contrary, such an accumulation of incompetent evidence in the record compels us, as a matter of law, to remand the case for further proceedings according to law.

Holding these views, the judgment of the lower court is hereby reversed and the case remanded.

*Judgment reversed and cause remanded.*

Levine, P. J., and Vickery, J., concur.