KEECH, APPELLANT, *v.* CITY OF ELYRIA, APPELLEE.

(No. 1191—Decided June 15, 1949.)

*Mr. F. A. Stetson* and *Mr. Frank M. Wilcox,* for appellant.

*Mr. Richard E. Baird,* city solicitor, for appellee.

DOYLE, J. This appeal is by plaintiff from the Court of Common Pleas of Lorain County, which entered a judgment for the defendant, notwithstanding a verdict of a jury for the said plaintiff, in an action for damages through personal injuries, based upon the claimed maintenance of a nuisance by the defendant which proximately caused her injury.

There is evidence to indicate that Almeda Keech, while walking on a public sidewalk in the "downtown" business district of the city of Elyria, tripped and fell over iron bolts or rods which protruded upward and out of the sidewalk. The obstructions had come into being through wear and deterioration of the materials used in construction of the walk. As a consequence of the fall, the lady claimant suffered serious injuries.

The action was tried on the theory of qualified nui-

sance; *i. e.*, nuisance dependent on negligence. The specific claims were:

"1. * * * defendant (the city of Elyria) did not keep the public sidewalk, on Broad street, * * * open, in repair and free from nuisance.

"2. * * * defendant, when it knew or by the exercise of reasonable care should have known that said iron pins were sticking up through said public sidewalk at the place hereinbefore described, did not remove or cause the same to be removed.

"3. * * * defendant, well knowing that said iron pins or bolts were sticking up through the public sidewalk and constituted a nuisance and were dangerous to any pedestrian lawfully using said public sidewalk at the place in question, permitted said bolts or pins to remain in said sidewalk."

These claims were met and the issues joined by a general denial, the specific charge of sole negligence of the plaintiff (classified under general denial), and the affirmative defense of contributory negligence.

The sole question presented is whether the pleadings and the evidence can sustain a verdict for the plaintiff. If so, the court erred to the prejudice of the appellant. If not, the judgment must be affirmed.

1. Section 3714, General Code, requires municipalities to keep sidewalks within their corporate limits open, in repair and free from nuisance; the legislation imposing this duty is an exercise of the sovereignty of the state, and municipalities, as creatures of the same sovereignty, are subject to the liability which follows a failure to discharge that duty. *City of Wooster* v. *Arbenz*, 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518; *Wall, Jr.*, v. *City of Cincinnati*, 150 Ohio St., 411, 83 N. E. (2d), 389.

The tort of nuisance as we meet it in this case is claimed wrongful conduct through *negligence*, which

invaded the right of the plaintiff, as she walked on the sidewalk in Elyria, to have the walk in repair and free from a condition which imperiled her travel and caused her harm.

In safeguarding this right of pedestrians, it is incumbent upon cities to exercise reasonable and ordinary care and vigilance, in view of all the surroundings. This standard of care is not the care that similar municipal officers exercise under like circumstances and conditions, but is that care which persons of reasonable and ordinary prudence exercise under like circumstances and conditions. The duty does not exact that which is unreasonable and impracticable; and liability attaches only after actual or constructive notice to the city. *Taylor* v. *City of Cincinnati*, 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44; *Jones* v. *Village of Girard*, 111 Ohio St., 258, 144 N. E., 847.

As we read the record before us, we find evidence of sufficient probative value to sustain the claims of the existence of a nuisance, in that the city, negligently, after constructive notice, permitted the existence of a potential and unreasonable risk of harm in the form of projecting iron rods out of its sidewalk in a busy part of the city, and that, as a direct and proximate result thereof, the appellant was hurt. One of the characteristics of a nuisance of this kind is that it imperils travel. Certainly, reasonable minds cannot come to but one conclusion and say that the injured lady's travel was not endangered, nor that the travel of all pedestrians was not imperiled, by the projecting rods.

2. It is claimed by the city that the evidence warrants the conclusion that the plaintiff was guilty of contributory negligence as a matter of law.

The record shows the following testimony, which, it is claimed, is appropriate to the argument of contributory negligence:

"Q. But you were watching where you were walking? A. Yes, sir, I was.

"Q. You didn't see those bolts you claim stuck up an inch or an inch and a half? A. No, sir, I did not. * * *

"Q. So that before you fell you were at least as close to the bolts as you were when you saw them afterwards, weren't you? A. I suppose so, when I fell. Of course, I wouldn't have fell if I hadn't of been."

The city argues that, the accident having occurred in the daytime and the sidewalks being dry, "it is apparent * * * that (she) could and should have seen the bolts in question before falling over them" and that "if the defect is plainly visible there can be no recovery." And, further, that she had walked over the sidewalk on occasions prior thereto.

While this argument might have force under certain factual situations, it cannot be fitted to the facts before us. A traveler on a public sidewalk is not required under all conditions to constantly direct the sight of his eyes to the ground. To hold otherwise would limit and restrict the direction of sight to one spot—the defective spot—to avoid an act of negligence.

Such a rule, if followed by the public, could well bring about many serious injuries which would be avoided by pedestrians directing their sight elsewhere. And, in answer to the claim that she had passed over this part of the walk on previous occasions and therefore should have known of the condition, we find nothing in the record to indicate her awareness of the condition of the walk, or, if she had been aware of it, that she failed, in the exercise of ordinary care, to keep the condition in mind and to guard against it. See *Cleveland Ry. Co.* v. *Halterman*, 22 Ohio App., 234,

236, 237, 153 N. E., 922; *Lawson* v. *City of Waterbury*, 115 Conn., 716, 161 A., 667.

The legal duty of the plaintiff was to not fail to do those things for her own safety which a reasonably prudent person, guided by those impulses which regulate the conduct of human affairs, would ordinarily do in the exercise of ordinary care. The jury, by its verdict, after a full and complete charge on the law of contributory negligence, found no delict of the plaintiff which proximately contributed to cause her damage. This finding we find to be neither contrary to law nor manifestly against the weight of the evidence.

It cannot be said, as a matter of law, that, in view of the existing conditions at the time, the plaintiff was chargeable with knowledge of the defect, or failed to act as persons of ordinary prudence would have acted under the same or similar circumstances.

As heretofore stated, the action is grounded in qualified nuisance. This being so, the defense of contributory negligence is a proper one and could defeat the plaintiff's claims under certain factual situations. Academically, it may be a proper defense to a claimed nuisance growing out of negligence. Whether it is a defense to an action founded on absolute nuisance, we are not called upon to decide, so, therefore, do not pursue the question further. See *McFarlane* v. *City of Niagara Falls*, 247 N. Y., 340, 160 N. E., 391, 57 A. L. R., 1.

The judgment is reversed as being contrary to law, and the cause is remanded to the trial court with instructions to enter judgment on the verdict.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and HUNSICKER, J., concur.