Taft, J.
Defendant’s first assignment of error in this court is that there was “error in admitting into evidence oral and documentary proof relating to the safety rules of other railroads.”
There is substantial evidence in the record tending to prove that decedent, while engaged in his employment by the defendant as a member of a switchyard crew, met his death in an unsuccessful attempt to mount (that is to get onto) the stepboard upon the leading end of a locomotive (in this instance the rear of the tender) while it was in motion.
The second amended petition alleges in part that “defendant was * * * negligent * * * in failing to promulgate and enforce * * * a * * * ruie specifically pro *18 viding that no member of the crew should be permitted to board a locomotive or mount its stepboard upon the leading end thereof when said locomotive is in motion.”
Over the objection of defendant, plaintiff offered in evidence portions of the rules of eight other railroads. These included four of the five principal railroads operating in and around Cleveland and two smaller railroads operating in and around Cleveland. In each instance the portions of these rules which were offered either specifically forbade the mounting of the step-board upon the lead end of a locomotive in motion, or in effect so provided, as by forbidding even the riding on such footboard or the getting onto an approaching engine.
On cross-examination of one of defendant’s witnesses, it was brought out over objection of defendant that the witness did not know of any railroad other than defendant which did not forbid the mounting of the stepboard upon the leading end of a locomotive in motion. However, the testimony of that witness only indicated that he did not know whether other railroads did forbid that practice or what their rules provided with respect thereto.
By reason of the manner in which objection to admissibility of this evidence was made, the only question in the instant case with regard to any claimed error in its admission was whether these portions of the rules of other railroads were competent evidence for any purpose.
The safety rules of the defendant were admitted in evidence without objection. See Cincinnati Street Ry. Co. v. Altemeier, Admr., 60 Ohio St., 10, 53 N. E., 300. The only portions of those rules, which have been referred to and which might have been said to deal specifically with the mounting of a stepboard upon the leading end of a moving locomotive, read:
*19 “103. Employees are forbidden to ride footboards, end sills or steps of engines and tenders between moving engines and cars unnecessarily.
“104. Employees are not permitted to ride on the front end, or tender end sills, or steps, of locomotives in road service, except when performing station work, or when work between stations requires a man on the leading end of a locomotive.
“105. When working on or about footboards of locomotives, the following practices are forbidden—
“a. Crossing over or around the drawbar, or stepping from one footboard to another when the engine is in motion.
“b. Remaining on leading footboard while coupling engines to cars.
‘ ‘ c. Occupying leading footboard when moving over street or highway crossings.
“d. Riding on front of engine not equipped with footboards.
“e. Standing between rails when about to board footboard of engine as it approaches.”
Rule 103 apparently applied only to engines and cars which were coupled together (see rule 105b). It was not contended by defendant that rule 104 was applicable probably because the locomotive in the instant case was engaged in switching and not “in road service. ’ ’ There was no evidence in the instant case which would have made rules 105a, 105c or 105d applicable. Rule 105b had no application in the instant case because decedent attempted to mount the stepboard at a switch leading from the main track onto a siding. The engine was then to proceed over the switch onto the siding and follow a car which was moving away from the locomotive and some distance up the siding on its own momentum. The coupling of the engine to the car would not have taken place until the engine reached the car. It was only “while coupling” the engine to *20 the car that being on the footboard was forbidden by this rule. Although a contrary inference could be drawn from the evidence, the evidence was such as to justify the jury in finding that decedent was not engaged in the forbidden practice specified in rule 105e.
By implication, rule 105e apparently recognized that an employee might properly board the footboard of an approaching engine except in the manner forbidden by that rule. Likewise defendant’s engineer testified that there was no rule of defendant at the time of decedent’s death which forbade an employee from doing that and that employees of defendant frequently did mount leading footboards of approaching locomotives.
Thus, the rules of defendant did not forbid a member of a switching crew from mounting the stepboard upon the leading end of a locomotive, as the jury could have determined on the evidence that decedent attempted to do when he was killed.
Assuming that the jury did determine that decedent attempted to mount such stepboard in a manner not forbidden by defendant’s rules, the question still remained whether defendant was negligent in failing to promulgate and enforce a rule forbidding that practice.
In work dangerous to employees unless rules are made for its conduct, it is the duty of an employer to exercise reasonable care in promulgating and enforcing rules to protect such employees against dangers incident to such work. Railway Co. v. Murphy, Admr., 50 Ohio St., 135, 33 N. E., 403.
There are authorities indicating that, in determining whether an employer has exercised such care, evidence may be received as to rules adopted by other employers to provide such protection. Reed, Admr., v. Davis, Dir. Genl., 249 N. Y., 35, 162 N. E., 576; Berrigan, Admr., v. New York, Lake Erie & Western Rd. Co., *21 131 N. Y., 582, 30 N. E. 57; Keathley v. Chesapeake & Ohio Ry. Co., 85 W. Va., 173, 102 S. E., 244; Devoe, Admx., v. New York Central & Hudson River Rd. Co., 174 N. Y., 1, 66 N. E., 568; 2 Wigmore on Evidence (3 Ed.), 489, 493, Section 461. See also Thompson v. Camp, 163 F. (2d), 396; Egelston, Admx., v. New York, Chicago & St. Louis Rd. Co., 205 N. Y., 579, 98 N. E., 748; Brigham Young University v. Lillywhite, 118 F. (2d), 836, 137 A. L. R., 598; Shannahan, Admr., v. Empire Engineering Corp., 204 N. Y., 543, 98 N. E., 9, 44 L. R. A. (N. S.), 1185; Northern Alabama Ry Co. v. Mansell, Admr., 138 Ala., 548, 36 So., 459, 463.
Furthermore, it has been held that the fact, that the railroad has promulgated rules to provide such protection, does not necessarily take away from the jury the question whether such railroad has exercised the degree of care legally required of it (Wright v. Chicago, Rock Island & Pacific Ry. Co., 94 Neb., 317, 143 N. W., 220; Chicago, Burlington & Quincy Rd. Co. v. McLallen, Admr., 84 Ill., 109); and that, in determining whether it had exercised such degree of care, the rules, which had been promulgated by other railroads to provide such protection, may be considered. Devoe v. N. Y. Central Rd. Co., supra. As stated in that ease:
“If a rule is actually made the question remains whether it. is proper and sufficient under the circumstances, for due diligence is not satisfied by an insufficient and inadequate rule.”
Whether, in a particular case, an employer has exercised such care, when the rules adopted by the employer did not avoid exposing his employees to a particular danger, will depend upon factors such as the potential danger apparently involved (see Soltz v. Colony Recreation Center, 151 Ohio St., 503, 510, 512, 87 N. E. [2d], 167; Morris v. Cleveland Hockey Club, Inc., 157 Ohio St., 225, 105 N. E. [2d], 419), the opportunity *22 which an employee apparently would or would not have to avoid that potential danger by the exercise of ordinary care in the absence of rules avoiding his exposure to such danger (see Railway Co. v. Murphy, supra), and the practicability of having such rules (see Witherspoon v. Haft, 157 Ohio St., 474, 482, 483, 106 N. E. [2d], 296). This is because such factors would normally be considered by an ordinarily prudent employer under the same or similar circumstances.
Although not always mentioned, a consideration of factors such as these has undoubtedly influenced this court in recent decisions holding that, in certain other types of negligence cases, there was no evidence of negligence for submission to the jury. See for example Kimball v. City of Cincinnati, 160 Ohio St., 370; Lampe v. Magoulakis, 159 Ohio St., 72, 111 N. E. (2d), 7; Sweet v. Big Bear Stores Co., 158 Ohio St., 256, 108 N. E. (2d), 737; Cleveland Athletic Assn. Co. v. Bending, 129 Ohio St., 152, 194 N. E., 6, where the potential danger was slight; Sweet v. Big Bear Stores Co., supra; Scheibel v. Lipton, 156 Ohio St., 308, 102 N. E. (2d), 453; Cleveland Athletic Assn. Co. v. Bending, supra, where there was no apparent potential danger; Kimball v. City of Cincinnati, supra; Hicks, Admr., v. Baltimore & Ohio Rd. Co., 160 Ohio St., 307; Sweet v. Big Bear Stores Co., supra; Boles v. Montgomery Ward & Co., 153 Ohio St., 381, 92 N. E. (2d), 9; Rarrick v. Browne, 151 Ohio St., 276, 288, 85 N. E. (2d), 386, where the prospective plaintiffs had ample opportunity to avoid injury by the exercise of ordinary care ; and Parras v. Standard Oil Co., 160 Ohio St., 315; Gedra v. Dallmer Co., 153 Ohio St., 258, 91 N. E. (2d), 256; Boles v. Montgomery Ward & Co., supra; Rarrick v. Browne, supra; Englehardt, a Minor, v. Philipps, 136 Ohio St., 73, 23 N. E. (2d), 829; S. S. Kresge Co. v. Fader, 116 Ohio St., 718, 158 N. E., 174; J. C. Penny *23 Co. v. Robison, 128 Ohio St., 626, 193 N. E., 401, 100 A. L. R., 705; and Cleveland Athletic Assn. Co. v. Bending, supra, where there was no practicable means of avoiding the potential danger.
It is obvious that anyone mounting the leading step-board of a moving locomotive is exposed to a great potential danger and that in a switchyard, even where this is done from the side of a track, such one will not always be able to avoid that danger by the exercise of ordinary care. However, there are many potential dangers in the performance of useful work which cannot be avoided if that work is to be done. This is particularly true in the operation of a railroad. There are also many such dangers which cannot be avoided without seriously interfering with the performance of useful work in a reasonable manner. A jury or even a court might well determine that there was no duty to do something which would avoid those dangers if the doing of that something would seriously interfere with the performance of useful work in a reasonable manner. Thus, in effect, the court or jury would be determining that it would be impracticable to do that something in order to avoid those dangers.
It is apparent therefore that the specification of negligence hereinbefore quoted raised in the instant case the question whether a rule, forbidding an employee in a switching crew from mounting the step-board upon the leading end of a moving locomotive, would interfere with the performance of defendant’s work in a reasonable manner and thus be impracticable. If it was a fact that other railroads engaged in similar work had such a rule, that fact would tend to prove, by justifying an inference, that such a rule would not so interfere and would not be impracticable. The evidence objected to was evidence of that fact. It was therefore clearly relevant. However, it does not *24 necessarily follow that it was admissible. 1 Wigmore on Evidence (3 Ed.), 441, Section 42; 2 ibid., 427, 483, Sections 443, 459.
This court has recognized that custom and usage may be a circumstance to be considered by the jury in determining whether a defendant exercised ordinary care. Ault v. Hall, 119 Ohio St., 422, 164 N. E., 518, 60 A. L. R., 128; Witherspoon v. Haft, supra.
However, in determining whether a defendant exercised that care which an ordinarily and reasonably prudent man would have exercised under the same or similar circumstances, jurors and courts are usually called upon to inquire into matters within the common knowledge of men of average general information. Thus, in the instant case, in determining whether an employee mounting the leading stepboard of a moving locomotive would be exposed to a great potential danger or that such one would not always be able to avoid that danger by the exercise of ordinary care and by obeying the defendant’s rules, the jury was called upon to inquire into such matters. Because, in such an instance, it would tend to inject collateral issues into a case and divert the attention of the jury from more important issues, testimony which would be relevant on such an inquiry might well be excluded. See Jones v. Village of Girard, 111 Ohio St., 258, 144 N. E., 847.
Where evidence is admitted as to what other persons did, there is always likely to be a question whether the circumstances under which each of those other persons did what the defendant is claimed to have negligently failed to do or did not do what the defendant is claimed negligently to have done were the same or similar to the circumstances which confronted the defendant. Also, there is likely to be a question whether some of or all those other persons were ordinarily and reasonably prudent persons; even whether some or all *25 of them exercised greater care under such circumstances than that exercised by ordinarily and reasonably prudent persons under such circumstances. If such testimony is admitted, the opposing party should have an opportunity to offer evidence that other persons did what the defendant was claimed to have negligently done or failed to do what the defendant was claimed negligently not to have done, thus further multiplying the additional collateral problems presented to the court or jury. Western Ins. Co. v. Tobin, 32 Ohio St., 77, 90.
On the other hand, where, in determining whether a defendant exercised ordinary care, the jury and the court must inquire into matters which are not within the common knowledge of men of average general information, evidence on such matters may be particularly helpful to them. In such an instance, the trial court may well decide that the advantage of such helpful evidence may outweigh the disadvantage of running the risk of injecting collateral issue's into the case. Cf. Brewing Co. v. Bauer, 50 Ohio St., 560, 35 N. E., 55, 40 Am. St. Rep., 686, and Jaffe v. Powell, 121 Ohio St., 355, 169 N. E., 31. Thus,- an inquiry into the practicability, in the operation of a railroad, of having a rule forbidding an employee from mounting the leading footboard of a locomotive would probably represent an inquiry into a matter upon which evidence should be admissible. See Pittsburgh, S. & N. R. Co. v. Lamphere, 137 F., 20, 23; Garvin, Alien Property Custodian, v. Western Cooperage Co., 94 Ore., 487, 184 P., 555, 560; Kolsti, an Infant, v. Minneapolis & St. Louis Ry. Co., 32 Minn., 133, 19 N. W., 655. We are of the opinion that the trial court may exercise a reasonable discretion in deciding whether to admit such evidence. See 2 Wigmore on Evidence (3 Ed.), 430, Sections 443, 444; O’Day v. Shouvlin, 104 Ohio St., 519, 136 N. E., 289. 25 A. L. R., 980.
*26 Defendant has referred to certain cases as indicating that evidence as to the rales of other railroads should not have been admitted in the instant case. We do not believe that those cases support such a conclusion.
In Willis v. Pennsylvania Rd. Co., 122 F. (2d), 248, it was stated that “the practice at a single yard of another railroad is not competent proof on the issue of whether defendant’s practice was negligent.” However, that case is distinguishable because, as the court pointed out in its opinion, the practice of the defendant railroad in that case represented as a matter of law the exercise of ordinary care. Cf. C. & H. C. & I. Co. v. Tucker, 48 Ohio St., 41, 60, 26 N. E., 630, 29 Am. St. Rep., 528, 12 L. R. A., 577. Thus the court stated with respect to that practice: “We can see no negligence in allowing cars to pass a switchpoint where men are at work, if some member of the repair gang is charged [‘pursuant to * * * long standing custom’] with the duty to watch for and give warning of an approaching car.” Likewise, in Pearsall v. New York Central & Hudson River Rd. Co., 189 N. Y., 474, 82 N. E., 752, the court merely held as a matter of law “that the method adopted by the defendant for transacting its business at the point in question was reasonably safe, and that is all that can be required” and that “even if it could be * # * found as a fact that the method in use by the other railroads # * was better or safer, the master is not guilty of negligence for not discarding a plan which was reasonably safe.”
In the instant case, no question has been raised by defendant as to any failure of plaintiff to plead the custom or usage of other railroads. We therefore express no opinion as to whether it was necessary to do so. Cf. Bosjnak v. Superior Sheet Steel Co., 145 Ohio St., 538, 62 N. E. (2d), 305, where the syllabus indicates that it may be, but the discussion at page 548 et seq. *27 in the opinion indicates that the question whether it was may not have been before the court in that case. Likewise, defendant here has not contended that the rules of other railroads were inadmissible because they represented hearsay evidence, and no opinion is expressed on that question. See 2 Wigmore on Evidence (3 Ed.), 482, Section 459.
With respect to the defendant’s first assignment of error, we are of the opinion that the trial court exercised its discretion reasonably in admitting the evidence objected to by defendant.
In its second assignment of error in this court, defendant advanced as a ground for reversal that there was “failure of proof on an essential element of damages, to wit, * # * no evidence of the age and expectancy of the widow.”
As the authorities cited by defendant hold, the widow’s life expectancy, as well as the life expectancy of the decedent, was a fact which the jury should consider in determining the pecuniary injuries sustained by the widow. Her husband’s death could obviously not deprive the widow of any amount which he would have had only after her death.
Evidence as to the age of the widow in years would only be important on the question as to the probable life expectancy of the widow at the time of decedent’s death.
In the instant ease, the widow was present in court and testified. Thus the jury had an opportunity to see her and hear her testimony.
We all know that life expectancy may depend on many factors other than age. Furthermore, it is usually possible to estimate with reasonable accuracy the age in years of a person by observation of that person. The jury had that opportunity. If the defendant considered that the widow’s age in years was a fact which would tend to prove that her life expectancy *28 was shorter than her appearance indicated, defendant had full opportunity to ask her on cross-examination what her age in years was. Larrissey, Admx., v. Norwalk Truck Lines, Inc., 155 Ohio St., 207, 98 N. E. (2d), 419.
In our opinion, where a widow, who is the sole beneficiary of a wrongful death claim, testifies before the jury and the defendant neglects to cross-examine her as to her age in years, a substantial verdict for the plaintiff should not be set aside merely because no evidence was offered by the plaintiff as to the age in years of the widow.
Defendant’s third and final,assignment of error in this court is that “the verdict of the jury was rendered under the influence of passion and prejudice.”
Although it found that the amount of the verdict was excessive and ordered a remittitur which was agreed to, the Court of Appeals also specifically found “that * * * the fact that said judgment was excessive * * * was not due to or caused by any passion or prejudice on the part of the jury.” Therefore it is sufficient to state that, in view of our conclusions with respect to the other errors assigned, this court could not sustain this assignment of error without departing from the uniform, although not always unanimous, relatively recent holdings of this court. See for example Chester Park Co. v. Schulte, Admr., 120 Ohio St., 273, 166 N. E., 186; Larrissey v. Norwalk Truck Lines, supra; and Immell, Admr., v. Richards, 154 Ohio St., 52, 93 N. E. (2d), 474.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart and Lamneck, JJ., concur.
Hart, J., concurs specially.
Middleton, J., not participating.